ANDERSON AND OTHERS *against* VAN ALEN.

THIS was an action of *assumpsit*, for goods sold and deliver-ed. The defendant pleaded *non assumpsit*, with notice of a set-off. The goods were sold to the defendant in *May*, or *June*, 1814, to the amount of 553 dollars and 92 cents.

The defendant, on the 26th of *September*, 1814, purchased of *W. D. & Sons*, of *Amsterdam*, in *Montgomery* county, two notes, drawn by the plaintiffs on the 17th of *June*, 1814, one for 500 dollars, payable in 90 days, and the other for 31 dollars and 25 cents, payable at the same time; for which the defendant gave to *W. D. & Sons*, his two notes for 250 dollars each, payable at 9 and 12 months; and the defendant, at the same time, gave to *W. D. & Sons* a receipt, specifying that he had received of them the two notes above mentioned of the plaintiffs, in ex-change for his two notes above specified, and promising to return the said notes of the plaintiffs to *W. D. & Sons*, at any time within two months, in exchange for his said two notes, or for other notes of the plaintiffs to that amount. On the 20th of *November*, 1814, the defendant returned to *W. D. & Sons* the note of the plaintiffs above mentioned; and they endorsed and delivered to him another note drawn by the plaintiffs, dated *April* 9, 1814, by which they promised to pay to *W. D. & Sons*, or order, six months after date, 453 dollars and 18 cents, which was the note mentioned in the notice of set-off, and the only one offered, under the notice, at the trial.

The plaintiffs proved, that the defendant, in a conversation with their attorney, in *January* last, admitted that he obtained the note offered as a set-off, after he had heard of the plaintiffs' failure; that he was in *Albany* on the 22d of *September*, 1814, when he learned that the plaintiffs had failed, and become in-solvent, and saw their goods sold by the sheriff on that day; and that, some days after his return from *Albany*, he obtained the notes of *W. D. & Sons*.

The plaintiffs then produced an assignment, executed by them on the 26th of *September*, 1814, to *James Gourlay*, assigning over all the debts due the plaintiffs, specified in a schedule annexed, among which was the note due from the defendant, in trust, to

Courts of law take notice of assignments of *choses in action*, and will protect the rights of a *cestuy que trust*, against any per-son having no-tice of the trust; and *ac-tual* notice of the assignment or trust need not be shown; but it is enough if the party acts with a know-ledge of such facts and cir-cumstances as ought to put him on inquiry.

pay the debts due from the plaintiffs to certain creditors mentioned in another schedule annexed to the said assignment, and to pay over the surplus to all the other creditors of the plaintiffs, not named in the said schedule, without distinction.

On the 7th of *October*, 1814, the plaintiffs executed an assignment to *L. Bingham*, and two others, of the city of *New-York*, their creditors, of all their notes and accounts, in trust, for the payment of themselves and other confidential creditors, and then in trust for all the other creditors of the plaintiffs. *Gourlay* having agreed to give up to the said assignees the assignment made to him, of the 26th of *September*, 1814, on their engaging to pay out of the first moneys they should receive under the assignment to them, the debts due to the persons named in the schedule annexed to the first assignment, but which, it appeared, was not, in fact, annexed, though expressed and intended so to be by the parties.

A notice, dated the 15th of *October*, 1814, was published in two newspapers, in *Albany*, and the publication continued for three months, which stated that the plaintiffs had assigned all their debts, &c. to *Bingham* and others, to whom payment was requested to be made: and, on the 20th of *October*, the attorneys of the plaintiffs wrote a letter to the defendant, addressed to him at *Amsterdam*, where he resided, which was put into the post office at *Albany*, informing him of the assignment, and requesting him to make payment to the assignees. This letter the defendant did not receive from the post office at *Amsterdam* until the latter part of *December*, or the beginning of *January* last, though the letter had lain in the post office there from *October* to that time.

A verdict was taken for the plaintiffs, subject to the opinion of the court, on a case containing the facts above stated; and which was submitted to the court without argument.

THOMPSON, Ch. J. delivered the opinion of the court. The plaintiffs having made an assignment of the demand on which the present suit is founded, for the benefit of their creditors, they are only nominal parties upon the record, and the real question is between their creditors and the defendant; and the right of set-off will depend upon the fact how far the defendant is chargeable with notice of the assignment. It is a well-settled principle, that courts of law will notice the assignment of a *chose*

*in action*, and protect the interest of a *cestuy que trust* against every person who has notice of the trust. And it seems, also, to be pretty well settled, that actual notice is not necessary. If a party acts in the face of facts and circumstances which were sufficient to put him upon inquiry, he acts contrary to good faith, and at his peril. These are principles fully recognised by this court in the case of *Johnson* v. *Bloodgood*, (1 *Johns. Cas.* 51.) and if applied to the case before us, will very satisfactorily show that the set-off cannot be allowed.

I lay out of view the first assignment to *Gourlay*, and notice only that made to *Bingham* and others, on the 7th day of *October*, 1814. The note offered as a set-off, bears date the 9th day of *April*, 1814, payable six months after date, and was not transferred to the defendant until the 20th of *November* in the same year, which was some time after it fell due. This has always been considered a circumstance of suspicion, and enough to put the endorsee upon inquiry. There is no direct and positive proof that this note was purchased for the express purpose of setting it off against the present demand; but the facts in the case afford an almost irresistible conclusion that such was the object. The defendant, as appears by his own confessions, was, some time before he purchased the note, fully apprized of the failure of the plaintiffs; was present at the sale of their goods by the sheriff; and it is hardly conceivable, that, with a knowledge of this fact, he would have purchased the note in question, unless it had been with some such view. About the middle of *October*, notice of the assignment was given in two of the public newspapers printed in the city of *Albany*, and continued for three months; and about the 20th of the same month, a letter was written to the defendant, giving him notice of the assignment. This letter, it is true, did not come to the defendant's hands until some time in *December* or *January*; but the very circumstance of its lying in the post office, in the very town where he resided, from some time in *October*, bears strongly the appearance that there was some suspicion as to its contents, and that the notice in the newspapers had been seen. These are strong grounds for believing a speculation was intended, to the prejudice of the other creditors who were interested in the assignment, and are sufficient to afford a well-grounded belief, if not an irresistible conviction, that the defendant had notice

NEW-YORK,
Oct. 1815.

of the assignment when he purchased the note. The opinion of the court, therefore, is, that the set-off ought not to be allowed, and that the plaintiffs have judgment for 553 dollars and 92 cents.

Judgment for the plaintiffs.