1829.

Kirby
v.
Kirby.

KIRBY *v.* KIRBY.

A wife may compromise a suit brought against her husband for a divorce; and the court will only interfere so far as to see that she is not overreached or imposed upon in the settlement.

The solicitor for the wife cannot insist upon proceeding with the suit against her consent, upon the ground that his costs are not paid.

August 4th.

THE complainants filed a bill in this suit for a divorce upon the ground of adultery, and obtained an injunction, a *ne exeat*, and the appointment of a receiver; and also an order for a monthly allowance pending the litigation. (*Ante,* 261.) The husband was unable to procure bail on the *ne exeat;* and the wife, without the consent of her solicitor, compromised the suit, on receiving security from the husband for a monthly allowance for her support. She directed the suit to be discontinued, and gave a written order to the sheriff to discharge her husband from prison. Her solicitor, previous to the discharge of the defendant, notified the sheriff not to release him from jail until his costs were paid. The sheriff having discharged the defendant,

[*566]

*\*E. Payne,* the solicitor, presented a petition, setting forth the facts, and prayed for an attachment against the sheriff. He contended that the complainant was not liable for the costs. That in contemplation of law the husband undertook to pay them at the time the bill was filed against him. A case of adultery is a peculiar one as to costs. The solicitor for the wife undertakes to render services for her which are of a character most hostile to the husband; and the payment for which he will in all probability attempt to evade. The statute (2 R. L. 197) has conferred upon this court extraordinary powers, to secure to the wife not only a support out of her husband's estate, but also the payment of the costs incurred in prosecuting her suit. Thus the solicitor of the wife has the same means of securing the payment of his costs that she has to secure a support. The

statute does not leave the solicitor, as in ordinary cases, to obtain his costs without any special assistance from the court, but it authorizes the court summarily to interfere and compel the payment of the costs. The statute authorizes the husband's property to be sequestered for the wife's support and the payment of her costs. When a *ne exeat* is granted it is intended for the joint benefit of the wife and her solicitor, as their rights are placed upon an equal footing by the statute. The solicitor having an equal interest with the wife in maintaining the *ne exeat*, the wife cannot discharge it without his consent. In ordinary cases a client cannot deprive his attorney of the remedy which the law gives him to obtain his costs from the opposite party. This was ruled in the case of *Martin* v. *Hawks*, (15 John. R. 405.) In that case it was also decided that the sheriff after notice from the attorney of his rights under the execution, was liable for an escape for discharging the defendant from custody upon a release being given by the plaintiff to the defendant. The present case is stronger than the one of *Martin* v. *Hawks*, as the adverse party here is alone responsible to the solicitor, and together with the solicitor's client. A wife who has herself no legal claims upon her husband, cannot release him from the claims of third persons for which he is alone responsible. Here the sheriff had full notice from the solicitor of his rights. After the *compromise between the wife and husband, the consent of the wife to discharge the husband was nothing more than the act of the husband. The remedy of the solicitor is clearly an attachment against the sheriff for contempt of court, committed by releasing the defendant when it was his duty to have kept him in close custody until discharged by order of the court. The sheriff at least should have asked the advice of the court before he discharged the defendant. The solicitor will not be able to collect his costs by suit from the husband. His only remedy is against the sheriff. A simple departing from the state is a violation of the *ne exeat*, although the violation in the first instance was

1829.

Kirby
v.
Kirby.

[*567]

unintentional, and the plaintiff has not been injured; and the court will direct that the amount of the *ne exeat* be brought into court, or that the bond of the sureties be prosecuted. (*Utten* v. *Utten*, 1 Meriv. 51; *Musgrave* v. *Medex*, id. 49.) The sheriff who has violated his duty in disobeying a *ne exeat* cannot be treated more indulgently than sureties. Where a sheriff releases a party in custody upon an attachment for non-payment of costs, he will be ordered to pay the money into court. (Anon. 11 Ves. 170.) Upon a *ne exeat* the sheriff has but one duty: to obey the mandate of the writ; either to keep the defendant in custody or to take security. If he violates this duty he is guilty of a contempt, and is bound to make complete reparation to the injured party. It is not necessary to obtain a decree for costs before proceeding against the sheriff. By the admission of the defendant the wife would have been entitled to a decree. She having compromised with him, cannot, by collusion, deprive her solicitor of his costs. In 1 Dicken's R. 114, where the parties colluded to dismiss the bill without the solicitor's knowledge, the Chancellor ordered his costs to be paid out of a fund in court.

*J. Edwards*, contra:—An attorney or solicitor cannot enforce his claim for costs against the adverse party until the amount is settled by judgment or decree. This appears from all the authorities and particularly the case of *Martin* v. *Hawks*, (15 John. Rep. 405.) Until the judgment or decree *it cannot appear whether the attorney or solicitor will ever be entitled to costs as against the defendant. This can never appear in this case in consequence of the settlement. The solicitor for the complainant undertook this prosecution, subject to the hazard of the parties settling it, without making provision for his costs. This case is one above all others which the parties ought to be permitted to settle. The wife makes no complaint as to the settlement. It is full and perfect. As to the *ne exeat*, it never was granted for the benefit of the solicitor, but of the wife

alone. In form it is an order to keep the defendant in custody, unless he gives security not to depart the state. This is nothing more than bail in equity. (*Ex parte Bunker*, 1 Pr. Wms. 312; *Lloyd* v. *Cardy*, Prec. Ch. 171; *Amsinck* v. *Barklay*, 8 Ves. 594.) The security in form is like a bail bond at law; (*Gibert* v. *Colt*, 1 Hop. 496.) The *ne exeat* does not resemble final process. In *Martin* v. *Hawks*, the whole judgment belonged to the attorney, and a fraud was committed upon him. In this case the sheriff would have been liable to an action for false imprisonment if he had kept the defendant in custody after the settlement. If due diligence had been used the receiver might have collected sufficient funds to pay the costs.

THE CHANCELLOR:—I have heretofore decided, in one of these matrimonial cases, that I would not permit the solicitor's claim for costs to stand in the way of a reconciliation between a husband and his wife. This is not exactly a case of that description; but it is an agreement on her part to discontinue proceedings instituted to dissolve the marriage contract, upon receiving a separate maintenance. In these cases the wife is, by the statute, authorized to proceed as a *feme sole*. She has therefore a right to compromise the suit in the same manner as any other party, although the court will always look into the case, so far as to see that she has not been overreached or imposed upon by her husband, in the settlement. In this case there is no pretence that she has not acted understandingly, and done that which was, probably, most for her own benefit. She applied to her solicitor to discontinue the suit, but he refused to do it unless his costs *were first paid. After consulting with her friends, and in the presence of her sister, and with her approbation, she completed the compromise, and ordered her husband to be released from prison. The sheriff was bound to discharge him, unless the solicitor had some claim which he had a right to enforce, without the consent of the wife. In *Martin* v. *Hawks*, (15 John. Rep.

[*569]

405,) and other cases where the attorney has been permitted to enforce the collection of costs against the adverse party, without the consent of his client, there was a judgment or decree for costs, which gave the attorney a vested right to them. In this case it does not appear that any costs ever would have been given. The order for a monthly allowance was not an order in favor of the solicitor; and it was only directed to be paid by the receiver out of the estate which might come into his hands. The wife therefore had a perfect right to discontinue the suit, and discharge her husband; and it was the duty of the sheriff to release him on production of the order; (*Martin* v. *Francis*, 2 Barn. & Ald. 402.

The petition must be dismissed, and as the sheriff has done nothing more than he was legally compelled to do, the petitioner must pay the costs of opposing this application.