Mr. Justice ClaytoN
delivered the opinion of the Court.
In this case the only question presented for determination,'is, whether an attorney has a lien upon money which he has collected, for a general balance due him, or whether such lien is confined to the amount due him in the particular case in which the money was received. The point has drawn forth a good deal of research in the argument, and the Court has investigated it with much care and patience.
Lord Mansfield states, that the practice with regard to the lien of an attorney, is not very ancient; and Sir James Burrow mentioned the first decision which established it in a court of law, by analogy to other cases of lien. Cowell v. Simpson, 16 Ves. 275. There are not wanting very respectable cases, which deny entirely the existence of the lien at Common Law. Baker v. Cook, 11 Mass. 237; Potter v. Mayo, 3 Green, 34. There is no doubt, however, that to some extent its existence is now very generally recognized. Martin v. Hawks, 15 Johns. 405 ; Shapley v. Bellows, 4 New Hamp. R. 353; 2 Kent, 640.
A distinction is taken between a lien on the fund recovered, and a lien on papers in the hands of an attorney, the latter being regarded as more extensive. As to the former, the lien does not extend to general debts, but only to those due to him in the character of solicitor under the suit. Cross on Lien, vol. 32 Law Library, 147. This distinction appears to be almost uniformly recognized. In Lann v. Church, 4 Mad. Rep. 207, the Vice-Chancellor says, “ that he had not been able to find any case in which it had been holden, that a solicitor had any lien upon a fund recovered in the cause, except for his costs incurred in such cause.” See Moody v. Spencer, 2 D. & R. 6. After a good deal of search, we have found but one case of that character, and that was decided without much discussion, or reference to authority. Patrick v. Hazin, 10 Vermont Rep. 184.
With this distinction kept in view, it will be found that there is but little conflict in the authorities ; and that in- those cases in which a lien for a general balance has been sustained, it was upon papers left with the party, not upon a fund recovered. 6 Price, 203; 2 Sch. & Lef. 279; 16 Ves. 258; 1 Mau. & Sel. 535.
*222 The point has already, on more than one occasion, been the subject of remark in this Court, and in every instance the opinion is clearly indicated, that the lien does not extend to a general balance of accounts. Harney v. Demoss, 3 How. 175; Dunn v. Vannerson & Baker, Opinion Book, B. 308. We see no reason to change the course of decision.
The Circuit Court having made a different decision, the judgment will be reversed, and the cause remanded.