Wilkins *v.* Batterman.

---

Same Term.  *Before the same Justices.*

WILKINS and wife *vs.* BATTERMAN, Sheriff of Albany.

An attorney has a lien on a judgment recovered by him, for his costs. He is regarded as an assignee of the judgment, to the extent of the costs included therein, and is entitled to all the rights incident to that character.

Courts of law, as well as of equity, take notice of, and protect, the rights of assignees, against all persons having either express or implied notice of the assignment.

Wilkins *v.* Batterman.

Actual notice is not necessary to be given, to protect the assignee. If a party acts in the face of facts and circumstances which are sufficient to put him upon inquiry, he acts contrary to good faith, and at his peril.

Accordingly, where a party was committed to jail upon a *ca. sa.* which showed, upon its face, that the judgment was for costs alone; *Held*, that this was notice to the sheriff of that fact, and that such judgment equitably belonged to the attorney; and that a permission given by the party in whose favor the judgment was recovered, to the prisoner, to go at large beyond the jail liberties, was unauthorized and nugatory, and was no defence to an action brought against the sheriff for an escape.

This was an action against the defendant, as sheriff of the county of Albany, for the negligent escape, from the jail limits, of one John Baker who had been arrested on a *ca. sa.* issued on a judgment for costs in a suit in which Baker was plaintiff and the above plaintiffs were defendants. The defence was, that Baker went beyond the liberties of the jail with the assent of Wilkins. The suit was brought by the attorneys of the above plaintiffs, for their own benefit. The cause was referred to three referees, who reported in favor of the defendant. It was proved that Baker, while he was on the limits, requested one Mink to call on Wilkins, to obtain a settlement; that Mink called on Wilkins, and Wilkins said to him " that Baker was put on the limits without his knowledge or consent ; that he might go where he was a mind to ; that he did not want any thing to do with him, if he would keep away from him." Mink communicated the conversation to Baker. And Baker afterwards left the limits. Baker had given the defendant bail for the jail liberties. The judgment record, and the *ca. sa.* in the suit of Wilkins and wife ads. Baker showed that the judgment was in favor of the defendants for costs alone.

*H. Harris,* for the plaintiffs.

*H. G. Wheaton,* for the defendant.

*By the Court,* Paige, J. An attorney has a lien on a judgment recovered by him for his costs. He is equitably entitled to the costs, as a compensation for his labor and expense of prose-

cuting or defending the suit.   He is regarded as an assignee of
the judgment, to the extent of the costs included therein.
(1 *Paige*, 626.   15 *John.* 406.)   It has been repeatedly held
that if a defendant pay to the plaintiff the costs of the suit, after
notice from the attorney of the plaintiff not to do so, he pays
the costs in his own wrong.   (*Pinder* v. *Morris*, 3 *Caines*, 165.
15 *John.* 406.)   If the attorney is to be regarded as an assignee of
the judgment to the extent of his costs, I cannot see why he should
not be entitled to all the rights of an assignee.   In *Martin* v.
*Hawkes*, (15 *John.* 405,) it was decided that the attorney stood
in the situation of an assignee of the judgment, to the extent
of his costs ; and that he also stood in the same equity that he
would have done, had the judgment been assigned to him.
The only question in this case is, whether actual notice from
the attorneys, to the sheriff, and to Baker, that the judgment
belonged to them, was necessary to protect their lien from any
acts of Baker or Wilkins, calculated to defeat it.   If the attor-
neys of Wilkins stood in the situation of assignees, they ought
to be entitled to all the rights incident to that character.   Courts
of law, as well as of equity, take notice of, and protect, the
rights of assignees, against all persons having implied, as well as
against those having express notice of the assignment.   (*Martin*
v. *Hawkes*, *supra.*   12 *John.* 343.   19 *Id.* 96, 97.)   Actual
notice is not necessary to be given to protect the assignee.
If a party acts in the face of facts and circumstances which are
sufficient to put him upon inquiry, he acts contrary to good
faith, and at his peril.   (12 *John.* 345.   *Per Thompson, J.*)
In the present case, it appears on the face of the *ca. sa.* that
the judgment was for costs alone.   This was notice to the sheriff
of that fact.   Wilkins and Baker, the parties to the suit, must
have had full knowledge of this fact.   The parties, as well as
the sheriff, must have known that the judgment, being for costs
alone, equitably belonged to the attorneys of Wilkins.   If this
be so, then Baker and Wilkins acted not only in the face of
facts and circumstances sufficient to put them on inquiry as to
the interest of the attorneys in the judgment, but in the face of
the very fact itself, that the judgment belonged to them.   If

Wilkins *v.* Batterman.

Baker had not only implied notice, but actual knowledge, that the judgment equitably belonged to the attorneys of Wilkins, his application to Wilkins for a settlement of the judgment, and the permission of Wilkins that he might leave the limits, were a fraud on the attorneys of Wilkins. For if a creditor gives his debtor who is in execution, permission to go at large beyond the jail liberties, the judgment is discharged, and the plaintiff can neither issue a new execution nor maintain an action for an escape, against the sheriff. (7 *Cowen,* 276.) But if we give the attorneys of Wilkins the full benefit of the character of assignees of the judgment, with knowledge of their rights on the part of Wilkins and Baker, we can protect their lien by regarding the permission of Wilkins given to Baker as unauthorized and nugatory. If Wilkins had no authority to permit Baker to go beyond the liberties, or if this permission was a fraud on the attorneys of Wilkins, the leaving the liberties by the latter was an escape, and an action for the same can be maintained against the sheriff.

The case of *Ten Broeck* v. *De Witt,* (10 *Wend.* 617,) shows that an actual notice from the attorney to the defendant, not to pay the costs to the plaintiff, is not necessary to protect the attorney. In that case, the defendant paid the damages and costs to the plaintiff, after being advised by a counsellor of the supreme court (who, it did not appear, was in any way connected with the cause,) that the plaintiff was not authorized to receive the costs. This was the only notice to the defendant shown in the case. And the court held, that the information received by the defendant, was equivalent to a notice from the attorney not to pay the costs to the plaintiff. In *Bradt* v. *Koon,* (4 *Cowen,* 416,) where the recovery against Koon was for costs, the court refused, on the application of Koon, to set off a judgment against Bradt, purchased by Koon after he knew that the judgment recovered against him by Bradt belonged to Bradt's attorney. Here the attorney had given no actual notice to Koon not to pay the judgment for costs to Bradt. But the court regarded the attorney as an assignee of the judgment for costs, and protected his rights, in like manner as they would have

---

done, if the judgment had been assigned to him; and they denied the application for a set-off, because Koon purchased the judgment against Bradt after he had obtained knowledge that the judgment for costs against himself, belonged to Bradt's attorney. The question here before the court, is not whether the attorney's lien for his costs takes preference of the right of the defendant to set off a claim arising in the course of the same suit, or a judgment in a different suit; (15 *John.* 407. 1 *Paige*, 622. *Nicol* v. *Nicol*, 16 *Wend.* 446;) but it is a question whether the parties to a suit, after notice or knowledge of the attorney's lien for his costs, shall be permitted by either fraud or collusion to defeat such lien.

The report of the referees must be set aside; costs to abide the event of the suit.

