By the Court. Oakley, Ch. J.
The question arises on the testimony offered in support of the replication, and whether the latter can be sustained by such evidence.
Hie defendants contend that the only fact put in issue by such a replication to a plea of a release, is whether the release was obtained by any fraudulent device or practice, as by substituting one paper for another. He referred to Belden v. Davies, 2 Hall’s R. 433, in which there was an attempt to impeach a release by showing fraud in the consideration on which it was founded; and the court hold the evidence to be inadmissible, on the ground that the only fraud which could be pleaded at law, to avoid a deed, was fraud in its execution, such as a fraudulent reading of it, or the substituting of one instrument for another, or the obtaining by some device such an instrument as the party did not intend to give.
This decision, it will be observed, was before the revised statutes, which allow the obligee to plead and prove the want of consideration in defence of an action upon a sealed instrument. We do not think, on consideration, that the rule is altered as to the effect of a plea setting up fraud in the execution of the instrument. Hnder such a plea, we think that the same *4 evidence, and no other, may be given, as was admissible in support of it before the revised statutes.
In a case like that sought to be proved by the plaintiff, the facts must be stated upon the record, in order to enable the court to protect the rights of the party. The plaintiff relied very much upon Martin v. Hawks, 15 John. 405; but that case differs essentially from this in the manner in which the question was presented. There the matter relied upon to defeat the release came up in evidence, in answer to a special notice with the plea of the general issue, setting up the release of the plaintiff in the judgment, in an action of debt for an escape, prosecuted by the attorney in the name of the plaintiff. It is true that the court there upheld the lien of the attorney for his costs (the judgment being for costs only), against the effect of the plaintiff’s release to the sheriff; but the case has no bearing upon the point before us.
The mistake here consists in putting in a general replication, f&r frau&em, instead of replying the special circumstances relied upon to show the equity of the attorney.
The plaintiff must be nonsuited, pursuant to the reservation to that effect at the trial.