## SUPREME COURT.

RICHARD SHACKLETON, respondent, agt. ROSWELL HART and
EBEN N. BUELL, appellants.

An attorney has a *lien* to the extent of his *costs*, not only upon the judgment obtained
by him, but also upon all the incidents of the judgment or securities for its payment,
including the undertaking of bail in the action.

He can maintain an action upon such undertaking in the name of his client to enforce
the collection of his costs,—and the client cannot, by any release or discharge, pre-
vent a recovery, or affect such right of the attorney.

A court of justice of the peace has jurisdiction of such action.

*Monroe Special Term, October,* 1860.

APPEAL from justice's court removed to the supreme court
by certificate of county judge.

In 1850, the plaintiff, by his attorney, commenced an
action in the supreme court against one Clark, in the course
of which the appellants executed an undertaking as bail on
arrest of defendant. The plaintiff obtained judgment in
1852, at which time he became, and continues, insolvent,
leaving his attorney unpaid. After the issuing and return
of the usual executions, (the execution against the person
being returned, March 22, 1855,) the attorney procured an
assignment of the undertaking from the sheriff to the plain-
tiff, and commenced an action thereon in the supreme court,
to recover the amount of the judgment. The defendants
procured the plaintiff to execute a full release of the claim
against the bail, with direction to the attorney to discon-
tinue the action. Upon the production of this instrument,
the attorney discontinued the action in the supreme court,
and afterwards commenced an action on the 13th January,
1859, before a justice of the peace upon the undertaking, in
the name of the plaintiff, avowedly to collect for the attor-
ney's own benefit, the amount of the taxed bill of costs in
the judgment roll in the original action. Upon these facts
the justice rendered a judgment in favor of plaintiff for
$100 and costs, from which defendants appealed.

T. Frothingham, *for respondent.*

G. E. Mumford, *for appellants.*

Johnson, Justice. The action before the justice arose upon contract. It was for the recovery of money only, and the amount claimed did not exceed $100. I do not see, therefore, why the justice had not jurisdiction to entertain and try the action. There is nothing, I think, in section 190 or 191 of the Code to affect the jurisdiction of a justice, in actions upon these instruments. The undertaking in question is clearly a contract, obligation, or liability, within the meaning of § 91 of the Code, and the action was not barred at the time it was commenced.

The case of *Rooney* agt. *The Second Avenue Railroad Co.,* (18 *N. Y. R.* 368,) *Russel* agt. *Meacham,* (16 *Howard P. R.,* 193,) and *Wilkins* agt. *Batterman,* (4 *Barb.,* 47,) are to the effect that the client cannot, by any settlement, release, or discharge, executed to the other party, deprive his attorney of his lien for his costs, nor of his right to enforce such lien by action in the name of his client on the debt thus sought to be released or discharged, to recover such costs.

The principle that the attorney is the equitable assignee of the judgment, to the extent of his claim for costs, would clearly, as it seems to me, extend to the undertaking of bail, when assigned by the sheriff to the plaintiff in the action.

The lien extends not only to the judgment, but to all the securities for its payment and satisfaction in the hands of the client, and the latter could no more be released or discharged to the prejudice of the attorney's lien, than the former. The assignment of the principal debt, carries with it as a matter of law, all the collateral securities for its payment in equity as well as in law. The action was properly brought, and the judgment rightfully rendered, and must be affirmed.