Van Vorst, J.
[After disposing of the motion to open the judgment, as being too late, and unsupported by any sufficient affidavit.]—Before recovering the judgment against Clute the defendant had assigned her cause of action to her attorney, and after its recovery the judgment itself. The assignment purports to have been made and given to the attorney, in lieu of all fees and disbursements of the attorney, or those assisting him on the trial or prosecution of the action in favor of defendant against Clute. Before the payment to the plaintiffs of the moneys collected from Clute in the proceedings under section 394 of the Code, no notice of the assignment *71 from defendant to her attorney had - been served on Clnte, or on the plaintiffs or their attorneys.
No notice of the proceedings under section 294 of the Code was given to defendant, and the omission to do so is urged on her behalf as a good ground for setting aside the order directing the payment of the money by Clute. But this constitutes no error to avoid the regularity of the proceeding. Whether or not notice be required to be given to the parties is left to the judge’s discretion. In proceedings under section 294 it might be well in all cases to direct notice to be given to the judgment debtor.
It is no error, however, if a judge exercises fairly a discretion one way, rather than another. In Gibson v. Haggerty, 37 N. Y., 558, it was held .that a payment by the debtor of a judgment debtor, in obedience to an order made by a judge under and in pursuance of section 294 of the Code, requiring such payment on the judgment debt, is a valid payment, although no notice of the proceedings is given to the judgment debtor.
But had the judge in this case directed notice to be given to the defendant of the proceedings agaist Clute, it would have been of no avail, for the reason, that before the order was made for Ms examination, as appears by the affidavits on this motion, the defendant had absolutely parted with her interest in the judgment by an assignment thereof to her attorney.
If an assignee of a judgment would have notice of proceedings affecting his interest, he should give notice of his interest to persons and parties through whom he may be affected.
Had reasonable notice been given to the defendant, Clute, upon his examination the facts in regard to it would have appeared, and the right of others would without doubt have been fully protected by the order of the court. In Gibson v. Haggerty, supra, the court, Woodruff, J., says : “ Such payment is valid and a *72 full protection to the debtor against an assignee of the debt who has not given notice to the debtor that the debt has been assigned to him.
In the argument addressed by the defendant’s counsel on this motion it was urged that payment of the judgment by Clute, and the receipt of the moneys by the plaintiffs were made in violation of the attorney’s lien upon the judgment for his costs and expenses.
The courts recognize and protect the lien of attor neys upon judgment recovered by them for their clients for their services and expenses. But in Ackerman v. Ackerman, 14 Abb. Pr., 229, Chief Justice Daly holds that ‘ ‘ the party liable incurs no peril at all in paying the judgment,, together with .the costs included in it, to the prevailing party, or in settling the judgment in any way that the parties agree upon, unless he had actual notice of the fact of the attorney’s lien and the amount of it:” Martin v. Hanks, 15 Johns., 405, is to the same effect.
All the cases would seem to indicate that to protect himself against a settlement of the judgment, by which Ms lien for costs and expenses might be lost, he mus: give notice of the lien to the judgment debtor.
In Read v. Dutton, 6 Term R., 301, Lord Kenyon said: “If the money had been paid over bona fide to . the plaintiff before notice from the attorneys, such payment would have been good, but when made in violation of the notice it-is not good.”
But the question of the lien of the attorney as such, upon the judgment, although it is urged, can hardly be said to arise. By taking an assignment of the judgment absolutely, his lien would be merged in the title, and Ms right thereafter would arise from Ms superior title as owner, upon which he should stand. In addition to the above, it is .to be.observed that this motion is made by the defendant. Upon the fact stated, that the judgment has been assigned to her attorney in lieu of his *73 costs, defendant can have no interest in the subject matter sufficient to entitle her to ask that the order in question be set aside. If the order is allowed to stand she is not harmed.
It has been adjudged that a motion to set aside an attachment can only be made by a person in some way injured by the attachment (Furman v. Walter, 13 How. Pr., 350).
The assignee and owner of the judgment is the party affected by the order made under section 294 of the Code.
For the above reasons. the motion to set aside the judgment against the defendant and the order iñ question are denied.
But it appearing upon the argument that the plaintiffs’ attorneys reserved from the moneys collected from Clute, and still hold in their hands, unpaid to the plaintiff, so, much thereof as appeared by the judgment roil to have been .recovered for the costs, disbursements and allowances in the action in which the judgment was recovered, this sum or amount should be paid over by them (and which they expressed a readiness to do), to the attorney for the defendant, the assignee'of the judgment.
Xo costs allowed on this motion.