HEERMANS v. ELLSWORTH.

*Evidence — burden of proof — Notice — Instrument revoking trust — Trust — statute relating to trusts applies only to real estate — when irrevocable.*

In an action by the trustee under a trust deed by F., to recover a debt due F., defendant showed payment to F. after the execution of the deed. *Held,* that the burden was upon plaintiff to show that defendant had notice of the trust deed when payment was made to F.

Defendant offered in evidence an instrument, executed by F. subsequent to the trust deed, wherein he revoked the authority and promise therein given to plaintiff. *Held* admissible.

The provisions of the Revised Statutes relating to trusts and powers (1 R. S. 727–738, §§ 45–135) relate only to real estate, and the provision that every such trust is irrevocable unless an authority to revoke it is granted or reserved in the instrument creating the power; *held,* not to apply to a power to collect debts contained in a trust deed, and the power to recover the avails of personal property, and distribute them in a manner to be directed by the one executing the deed.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon the verdict of a jury.

The action was brought by John Heermans as trustee of the estate of Joseph Fellows, to recover an alleged balance of account for moneys loaned by said Fellows to defendant. The plaintiff claimed to recover as trustee under an instrument under seal, bearing date October 10, 1868, a copy of which is given in the case of *Heermans* v. *Robertson, ante,* page 596, and a supplementary instrument under seal, dated October 15, 1868, which is also referred to, and the provisions given in the above-mentioned case. The defense was payment to Fellows, and settlement in full with him on the 24th of November, 1869; and defendant denied all knowledge of the trust instruments mentioned.

Heermans v. Ellsworth.

At the trial, defendant gave in evidence, under plaintiff's objection and exception, an instrument, under seal, executed by said Joseph Fellows, on the 28th day of December, 1868, and reading as follows :

"Know all men by these presents : That whereas, I, Joseph Fellows, of Corning, in the county of Steuben and State of New York, by an instrument in writing, dated the 10th day of October, 1868, did invest in my nephew, John Heermans, of said Corning, certain powers and authorities to transact business for me and my use, and for such uses and purposes as after my death should be directed in a writing supplementary to the instrument above named. "And whereas, I, the said Joseph Fellows, on the 15th day of October, in the said year eighteen hundred and sixty-eight, did execute a supplementary instrument in writing directing and requiring a certain mode of distribution of my estate after my death, which said several instruments of writing have been spread upon the pages of certain record books, the former thereof in Luzerne county, deed book No. 127, page 425, etc.; and in Steuben county clerk's office, book No. —, page —, and perhaps in other counties. "And whereas, I have concluded to resume all such powers and authorities as were by either or both of said instruments invested in the said Heermans, and henceforth to exercise and maintain for and by myself the entire and undivided control and management of my estate.

"Now know ye, that I, the said Joseph Fellows, have revoked and withdrawn, and by these presents do revoke, annul and withdraw each and both of the aforesaid instruments of writing, and all the powers and authorities in and by them, or either of them, vested in any party."

Such other facts as are material appear in the opinion.

*Brown & Hadden*, for appellant. The instruments of October 10 and 15, 1868, created a valid trust as to the personal property, and vested the legal title in the plaintiff. The two instruments are to be taken as one. *Fellows* v. *Heermans*, 4 Lans. 230 ; *Belmont* v. *O'Brien*, 12 N. Y. 394 ; *Leggett* v. *Perkins*, 2 id. 297 ; *Gott* v. *Cook*, 7 Paige, 521 ; *Leggett* v. *Hunter*, 19 N. Y. 445 ; *Tobias* v. *Ketchum*, 32 id. 319; *Cruger* v. *Jones*, 18 Barb. 47.

*George B. Bradley*, for respondent.

E. DARWIN SMITH, J. This case comes before us upon exceptions taken during the trial, and presents some points not embraced in any other of the various cases arising under the trust deeds from Joseph Fellows to the plaintiff, heard and submitted to us at the last general term. This action was brought to recover a balance claimed to be due the plaintiff as trustee, etc., for money loaned by Mr. Fellows to the defendant, and which the defendant had, in fact, paid to Mr. Fellows in person, after the execution of such trust deed. The plaintiff claims that such payment was unauthorized, and was made with or after notice of the execution and delivery of such deeds. This was the chief question of fact litigated at the trial, and the only one submitted to the jury.

The counsel for the plaintiff requested the judge to charge the jury that the burden of proof was upon the defendant to show that the payment was made without notice, and in good faith. The court refused so to charge, and the plaintiff's counsel duly excepted, and excepted also to the charge on this subject as made, in which the learned judge had charged that the burden of proof upon this point was upon the plaintiff.

The charge of the learned judge was clearly correct. When a debtor pays his debts to his creditor in person, the presumption is in his favor that he paid it properly and lawfully. The burden in such case is with the assignee of the debt or demand alleging that it was unlawfully paid, and after notice of assignment, to make proof of such allegations. The affirmative of such an issue rests upon the assignee, who purchased a chose in action not negotiable. Until notice is given of the assignment of such chose in action, the debtor may always treat with and pay his original creditors. *Field* v. *Mayor of New York*, 6 N. Y. 188; *Andrews* v. *Van Alen*, 12 Johns. 343; *Riggs* v. *Dorr*, 19 id. 95; *Wilkins* v. *Batterson*, 4 Barb. 50; *Meghan* v. *Mills*, 9 Johns. 64.

The fact of payment the defendant, in such case, must establish. On this point he holds the affirmative, but upon the allegation that he made such payment fraudulently, and after notice of the assignment of the claim or demand, the party making such averment must prove it. The *onus* is upon him. The substance of the allegation to be tried determines upon whom rests the burden of proof. *Hollister* v. *Bender*, 1 Hill, 153.

The defendant's counsel offered in evidence a deed or instrument in writing, under the hand and seal of Mr. Fellows, dated Decem-

ber 28, 1868, and served upon the plaintiff about January 1, 1869. The plaintiff's counsel objected to the reception of such instrument in evidence as immaterial. The objection was overruled, and the plaintiff's counsel duly excepted. This instrument in express and explicit terms revoked and withdrew each and every of the deeds in trust above mentioned, and all powers and authorities in and by them, or either of them, vested in any party, referring to the two deeds executed by said Fellows, dated October 10 and 15, 1868.

I cannot see why this instrument was not admissible in evidence. What its force and effect may be is another question. That was for the court to decide, after it was produced and proven, and read in evidence. If this instrument is valid as a deed of revocation of the powers of the plaintiff under said trust deeds, it is necessarily a complete defense in this action. The defendant settled his account with Mr. Fellows and paid the balance of it in 1869, long after the execution and delivery of said deed of revocation.

So far as this deed or instrument of revocation relates to the personal property of Mr. Fellows, I do not see why it does not entirely operate to revoke all the powers conferred upon the plaintiff by the deeds of the 10th and 15th of October, 1868. Whether those deeds created a valid express trust or power in trust in respect to the real estate, they could operate only as a mere common-law power of attorney to collect his debts and pay over to him the proceeds. This power is not affected by the provisions of the Revised Statutes relating to uses and trusts and powers.

These provisions of the statutes only apply and relate to real estate. On this point, and so far as relates to the personal property of Mr. Fellows, I agree with Judge MILLER, in *Fellows* v. *Heermans*, 4 Lans. 259, that the deeds referred to have no other force and effect than that of a simple power of attorney, which could be revoked at the pleasure of Mr. Fellows at any time.

The provisions in the statute in relation to powers in trusts, that every such trust is irrevocable unless an authority to revoke it is granted or reserved in the instrument creating the power, does not apply to the power to collect debts, or such a power as is conferred in these deeds in relation to personal property.

In the various cases arising under said deeds, heard and submitted at the last term, each case has been necessarily considered and decided upon its own facts. In none of them, except in this case as above stated, and the case of *Heermans* v. *Robertson, ante,*

page 596, which was an action of ejectment, has the validity of these deeds been called in question.

The several cases have been decided upon the assumption or claim of Heermans that he had valid title, or at least a power in trust under said deed, with full power and authority to convey a valid title.

None of the exceptions taken at the circuit in this case were well taken, and the judgment there rendered should be affirmed.

MULLIN, P. J., concurred in the result, but doubted upon the point whether a trust did not exist in respect to the personal property which was irrevocable by Fellows.

*Judgment affirmed.*