ISAAC BARNES and others

v.

JOHN L. TAYLOR and others.

A decree directed the payment of certain moneys to the complainants therein, as to some of them to them or to their solicitor, and as to the other to her. The complainants' solicitor served on the solicitor of the defendants a copy of the decree, with a notice endorsed thereon, that he had a lien on the moneys therein directed to be paid. The defendants' solicitor concluding that the complainants' solicitor had, in fact, no claim upon the money, paid it over to the complainants.— *Held*, that the defendants were liable for the amount of the lien of the complainants' solicitor for services and disbursements; and that a reference should be ordered to ascertain the amount of such lien, etc.

On order to show cause why defendant John L. Taylor should not be required to pay the amount (not exceeding the amount by the decree ordered to be paid to the complainants) for which the complainants' solicitor claims to have had a lien upon the decree for his disbursements and costs. On affidavits and exhibits.

*Mr. S. D. Dillaye, in pro. pers.*

*Mr. J. S. Aitkin,* for defendant John L. Taylor.

THE CHANCELLOR.

By the final decree in this cause, the defendant, Dr. John L. Taylor, was ordered to pay certain moneys to the complainants within a time therein limited. Mr. Dillaye, the solicitor of the complainants, served a copy of the decree on Mr. Aitkin, the solicitor of Dr. Taylor, with a notice endorsed thereon and signed by himself as solicitor, that he had a lien upon the moneys therein directed to be paid. Notwithstanding this notification, and in disregard of it, the entire amount of the money was, without Mr. Dillaye's con-

Barnes v. Taylor.

sent, paid over to the complainants. Mr. Aitkin testifies that in conversation with Mr. Dillaye on the subject, after the copy of the decree was served, he urged the latter to take action, such as he might deem proper, by obtaining the consent of his clients, or otherwise, to prevent the payment of the money by Dr. Taylor to the complainants, who were, by other counsel, pressing for payment thereof to them, and insisting that Mr. Dillaye had no just or lawful claim thereon. He further says that Mr. Dillaye promised to take such action, and, in view of the fact that he was about to leave town for a few days, but expected to return on the following Tuesday or Wednesday, requested that the money should not be paid over to the complainants until after his return; that he acceded to the request so far as to agree not to pay over the money before Wednesday. He says that he then told Mr. Dillaye that if he could not get the matter settled with his clients, he had better get an order that the money be paid into court, as, from the form of the decree, and what the complainants had said to him, the money could not be paid to Mr. Dillaye. Mr. Dillaye did not return home on Tuesday or Wednesday. On the latter day the complainants appeared and demanded payment from Mr. Aitkin. They informed him that they had endeavored to find Mr. Dillaye, but were unsuccessful and were unable to ascertain when he would return. He thereupon postponed the payment until the following Friday. He says that on that day, Mr. Dillaye not yet having returned and neither he nor his client having heard anything from him, he having satisfied himself that there was nothing due to Mr. Dillaye, as solicitor or counsel, from the complainants, paid over the moneys to them on their receipt.

It appears to me to be quite clear that that payment, so far as Mr. Dillaye's lien is affected by it, cannot be allowed. Dr. Taylor had notice that Mr. Dillaye claimed a lien, as solicitor, upon the money which, by the decree, he was required to pay. The notice was of itself sufficient reason for his refusal to pay the money to the complainants, and if,

when they notified him not to pay it to Mr. Dillaye, he was embarrassed by the conflicting claims, he might readily have obtained permission to pay the money into court, or he might have refused to pay it to either until the question between them in reference to it was settled. He was not required to adjudicate upon the claim of Mr. Dillaye, nor was it proper for him to assume to do so. It was enough for him to know that Mr. Dillaye claimed a lien, to justify him in refusing to pay the money to the complainants. When he paid over the money on the assumption or conviction that nothing was due to Mr. Dillaye as solicitor, he incurred the risk of paying him whatever (not exceeding the amount paid to the complainants) he might prove to be due to him under his lien. The court will protect the lien of the solicitor under such circumstances. *Welsh* v. *Hole*, *Doug.* 238 ; *Martin* v. *Hawks*, 15 *Johns.* 405.

There was nothing in the form of the decree to justify the payment in disregard of the notice. The money payable to all the complainants except Mrs. Paxson was, by the terms of the decree, payable to them or their solicitor. The directions as to that which was to be paid to her, was that it be paid to her. If there had been no direction to pay any of the money to the solicitor, it would not have justified the payment to the complainants in disregard of Mr. Dillaye's rights. There will be a reference to a master to ascertain the amount for which Mr. Dillaye, as solicitor, was entitled to a lien. He claims, also, to have been, and still to be entitled, under a stipulation between him and his clients, to one-seventh of the amount which Dr. Taylor was decreed to pay, and, in his affidavit, he says that he exhibited the stipulation to both Dr. Taylor and Mr. Aitkin, and informed them of his rights and demand thereunder. They both deny, however, that he informed them of this claim, either by showing the stipulation or otherwise. The stipulation is entitled in the cause. It states that the decree for partition has been made; that the complainants have, in pursuance of the contract with him, conveyed to Mr. Dillaye one-sev-

31

enth of the land recovered by them, and they thereupon stipulate that, in making the partition, his seventh may be set off to him, and that one-seventh of the rents and profits received by Dr. Taylor for the six years prior to the commencement of the suit, be set apart to Mr. Dillaye; and it further provides that the stipulation may be entered in the cause, and that for that purpose Mr. Dillaye may be made a party to the suit. If the money thereby assigned to him was money due him for his services as solicitor in the cause and his disbursements therein, his lien will cover it.