ANN MURRAY, RESPONDENT, v. WILLIAM JIBSON, APPELLANT.

*Settlement of action, in fraud of attorney's rights—can only be vacated on his application made in his own name.*

The plaintiff, a married woman, having brought this action, under the civil damage act, to recover the damages resulting from the intoxication of her husband, alleged to have been caused by liquor sold to him by the defendant, the same was, after issue joined and before trial, settled by the parties, the defendant paying to the plaintiff $30, and each party agreeing to pay their own costs. The plaintiff executed to the defendant a release of the cause of action, under seal, and a stipulation, upon which an order discontinuing the action was entered. Thereafter, upon an application made in the name and behalf of the plaintiff, an order was made setting aside and vacating the settlement and discontinuance, upon the ground that it was made in fraud of the rights of the plaintiff's attorneys.

*Held,* that the settlement having been made in good faith between the parties, it was, as against the plaintiff, a bar to the further prosecution of the action by her, or to her suing again for the same cause of action.

That so far as the rights of the plaintiff's attorneys were concerned, they must be enforced in proceedings to be instituted by them and in their own name.

That the order should be reversed.

APPEAL from an order of the Oswego Special Term, vacating and setting aside a settlement, release, stipulation and order of discontinuance herein, and allowing the plaintiff to prosecute the action.

*A. Perry*, for the appellant.

*J. A. & L. B. Hathway*, for the respondent.

SMITH, J.:

The plaintiff, a married woman, brought this action, under the statute known as the civil damage act, to recover damages resulting from the intoxication of her husband, alleged to have been caused by liquor sold to him by the defendant. After issue joined and before trial, the parties settled, the defendant paying to the plaintiff the sum of $30, and each party agreeing to pay his own costs. The plaintiff executed to the defendant a release of the cause of action, under seal, and signed a stipulation allowing an order of discontinuance to be entered, on filing the stipulation, which was done. All this was without the knowledge of the plaintiff's attorneys. The motion to set aside the settlement and the subsequent proceedings was made in the name of the plaintiff and in her behalf, on the ground that she was imposed upon and deceived by the defendant and his agents, and also upon the ground that the settlement was in fraud of her attorneys and without their consent. The court, at Special Term, held, upon satisfactory evidence, that the settlement was made in good faith, as between the parties, but the motion was granted upon the sole ground that the settlement was in fraud of the plaintiff's attorneys.

We are of the opinion that, in granting the motion upon that ground, the Special Term erred. It does not appear that the attorneys complain of the settlement, as affecting their interests. The motion to set it aside was made in the name of the plaintiff and in her behalf. She cannot be relieved from her executed agreement simply because it is prejudicial to her attorneys. To the extent of their lien, the attorneys are, in law, her assignees. (*Martin* v. *Hawks*, 15 Johns., 405; *Wilkins* v. *Batterman*, 4 Barb., 47.)

Their rights are not in her keeping. They might have moved to set aside the settlement on their account, but they have not done so. Where relief is sought solely on account of the attorney, he should be the actor. In *Rooney* v. *Second Avenue R. R. Co.* (18 N. Y., 368), the attorney was the respondent. In *Marshall* v. *Meech* (51 N. Y., 140), he was the moving party and the appellant. In *Martin* v. *Hawks* (*supra*), the attorney, as the assignee of his client, brought suit for his own benefit in the name of his assignor against the sheriff, for voluntarily permitting the escape of the defendant in the original action, who was in custody on a *ca. sa.*, issued upon the judgment therein for damages and costs. So, also, in *Wilkins* v. *Batterman* (*supra*). For aught that appears in the present case the attorneys are content to let the settlement stand, and to look to their client for their costs, she having agreed to pay them as a condition of the settlement, and there being no evidence that she is not solvent and abundantly able to pay.

Again, the settlement having been made in good faith, as between the parties, there is no reason why it should not stand, as against the plaintiff, subject, doubtless, to the rights of her attorneys. So far as she is concerned, it is a bar to her further prosecuting the action, or suing again for the same cause, whatever remedy the attorneys may be entitled to in their own behalf. But the order appealed from sets the compromise aside altogether, and permits the plaintiff to prosecute her action, and that, too, without requiring her to restore the $30 which she received in consideration of the settlement. The only condition which the order imposes as to the money is, that if the plaintiff shall not repay it before trial, the defendant may set it off against the damages which the plaintiff may recover in the action. If the defendant recovers, the order does not require restitution of the money.

If the views above expressed are correct, the question discussed by counsel, as to the construction to be given to the amendment of section 66 of the Code of Civil Procedure, adopted in 1879 (Laws of 1879, ch. 542), is not in the case, and a consideration of it would be useless. Whatever the extent or nature of the attorney's lien upon the cause of action, before judgment, given by that amendment, the court will not interfere to protect the lien except upon

the application of the attorney, and it will not, upon such application, vacate or modify a settlement made by his client and the adverse party, in good faith, as between themselves, except so far as may be necessary to protect the attorney's lien.

The order should be reversed and motion denied, with $10 costs, and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.