McAdam, C. J.
The plaintiff commenced an action in this court against one David W. McLean, May 12, 1880. After two trials the plaintiff obtained a judgment in October, 1881, which was affirmed by the general term of this court in March, 1882; by the common pleas in June, 1882, and by the court of appeals in January, 1885. The- right of action was transferred to Peter Smith Parker by assignment, dated December 3, 1881, but the action was continued in the name of the original plaintiff until its conclusion in January, 1885. The costs of affirmance in the court of appeals amount to $127.14, and judgment was entered therefor January 24, 1885. The present action is brought to recover the amount of this judgment from the defendants, who were the sureties on the appeal to the court of appeals. The sureties plead by way of defense the transfer to Parker, and a release from him to them prior to the commencement of the present action, and also plead an assignment of the judgment in the court of appeals, executed by the plaintiff to said Parker.
The assignments above referred to were produced upon the trial, and their production in evidence established the fact that Kipp, the plaintiff, had no cause of action at the time the present suit was commenced.
The plaintiff’s attorney obtained an order after issue joined permitting him to prosecute the action for the enforcement of his lien, but this circumstance does not alter the legal *171 status of the parties to this action, and does not vest in the plaintiff a cause of action, if he had none at the time suit was commenced. The lien of the attorney attaches to the cause of action (Code, sec. 66); but if it be made to appear upon the trial that the plaintiff had no cause of action at the time he commenced his suit, there is nothing to which the lien can attach. The plaintiff’s attorney has misconceived the practice. The judgment being for costs only, the attorney is to be regarded as the equitable assignee thereof, and the record is in itself legal notice of the lien, which cannot be discharged by payment to any one but the attorney (Marshall agt. Meech, 51 N. Y., 143; Martin agt. Hawks, 15 Johns., 405; Wilkins agt. Batterman, 4 Barb., 47; Wells on Attorneys, sec. 379, and cases cited). The attorney, in other words, became by force of law the owner of the .judgment, entitled not only to enforce it, but every security given to insure its payment. Such being the legal effect of the judgment, the plaintiff’s attorney should have brought the present action in his own name, as equitable owner of the' judgment. If the transfer ojr release had been given after suit brought, a different question would have been presented — Kipp would have had a good cause of action at the time of suit brought, and the attorney’s lien upon the cause of action would have been protected from any subsequent acts of the parties in fraud of it. For the purpose of protecting such a lien, i. a., on the cause of action, an order permitting the attorney to prosecute the action for its enforcement would have been proper, and upon establishing a cause of action at the time suit was brought the judgment recovered might have been enforced to the extent of the lien established. But the trouble in the present case is that the plaintiff had no cause of action whatever when the suit was brought, and consequently there is nothing to which the lien of the attorney can attach, except perhaps the papers in the case, which the attorney is authorized to retain until his claim is satisfied ( Wells on Attorneys, sec. 373).
*172 The attorney in this case did not need any equitable aid in asserting his lien; he did not require the use of his client’s name as a party plaintiff; he was the equitable owner of the judgment and the real party in interest at the time the action was commenced, and it should have been prosecuted in his name as plaintiff (Code, sec. 449). In such an action the transfers by his client might have been held inoperative, as they could not defeat a recovery by the attorney. But as the person in whose name the action was .commenced had no interest whatever in the cause of action at the time suit was brought, the action so commenced cannot be maintained. In fact, it is only on the theory that the plaintiff had no interest' in the cause of action at the time suit was commenced that the attorney can avoid the effect of the transfers made by his client; for, if he had any interest therein, it passed to Parker by virtue of the assignments before referred to, and has been fully discharged by him.
The plaintiff’s attorney cites Martin agt. Hawks (15 Johns., 405) and Wilkins agt. Batterman (4 Barb., 47), holding that an attorney, as equitable assignee, may maintain an action in the name of his client for the enforcement of the attorney’s lien. But these decisions were made before the Code and at a time when dioses in action were not assignable at law, so as to entitle the assignee to sue in his own name, and when he was on that account permitted to sue in the name of the assignor. The Code changed this rule by directing that every action shall be prosecuted in the name of the real party in interest, whether he be a legal or equitable assignee of the cause of action (Code, sec. 449 ; Barbour on Parties, 42, 43).
In Shackleton agt. Hart (20 How. Pr., 39), the action was brought in the client’s name to enforce the attorney’s lien, but in the language of the report, it was commenced “ avowedly to collect for the attorney’s own benefit.” There is no such avowal in the plaintiff’s complaint, nor do I think such an avowal would have aided him. The Code has left the attorney free to prosecute in his own name all actions in which his *173 rights as legal or equitable assignee have been injured or require legal redress.
In Pickard agt. Yencer (10 Weekly Dig., 271), like the cases in 10 Abb. N. C., 393, the settlements designed to defeat the attorney’s lien were made after suit brought, and the attorney was allowed to continue the action for the enforcement of his lien, but the principles decided there have, for the reasons before stated, no application here. It follows that the complaint must be dismissed, with costs.