CHAMBERLIN *against* DAY.

CHAMBERLIN obtained judgment in this Court against *Day*, for $103,61, at *August* term, 1824, which was assigned by *Chamberlin* to *Wiley*, for a valuable consideration paid. without any notice or information, that *Day* had purchased a judgment against *Chamberlin*, nor had *Chamberlin* any notice or information to this effect, at the time of the assignment. A *fi. fa.* had issued upon the judgment in favour of *Chamberlin*, upon which the Sheriff had levied $30. On the other hand, one *Gold* had recovered a judgment in this Court, against *Chamberlin*, in *October* term, 1823, for $172,72, which *Gold*, for a valuable consideration paid, sold and assigned to *Day*, on the *14th June*, 1824.

It was now moved that the Deputy be ordered to pay back the $30 to *Day*, and that the residue of *Chamberlin's* judgment be set off against the judgment assigned to *Day*.

*E. S. Lee*, for the motion.

*W. W. Brown*, contra.

*Curia.* *Wiley* took the assignment subject to all the equities actually existing against *Chamberlin's* judgment at the time of the assignment. Want of notice will not protect against these. *Day* had purchased and took an assignment of *Gold's* judgment, before *Chamberlin's* was assigned ; and having a right to this set off prior to that assignment, it did not divest that right. The motion must be granted.

Rule accordingly.

An assignee of a chose in action takes it subject to all equities existing against it at the time of the assignment, though he have no notice of such equity.

Where *W* purchased a judgment of *C*, against *D*, without notice that *D* had previously purchased a judgment against *C*, held, that *D* might, notwithstanding, set off his judgment so purchased, against the judgment in favour of *C*.

Assignee of a judgment against the plaintiff, allowed, on motion, to set it off against the judgment in favour of the plaintiff against the assignee.