## DAVENPORT vs. WOODBRIDGE.

In order to protect the assignee of a chose in action from the effect of any subsequent payment by the debtor to the assignor, it is sufficient if he give the debtor *notice* of the assignment, without exhibiting the security, or offering him any other evidence of the fact.

THIS case was *assumpsit* on a note or due-bill made by the defendant, dated *February* 2, 1827, for the payment of twenty-nine dollars in wool skins and fur, to the plaintiff; and it came up by exceptions taken in the court below to the opinion of *Perham J.*

It was referred, in the court below, to Mr. *Boutelle,* who made a special report of facts; stating that the due-bill had been regularly assigned by the plaintiff to *John Otis,* Esq. who addressed to the defendant a letter informing him of the assignment; which letter the defendant received in *September,* 1827 ;—that before this time the defendant had made divers payments to the plaintiff, amounting to $13,41 ;—and that afterwards he paid other sums to the plaintiff, amounting to $35,66 ;—that if the defendant had sufficient and legal notice of the assignment, the plaintiff was entitled to recover the balance of $20,08, being the amount due on the note at that time ;—but that if the notice was insufficient, because not accompanied by the note itself, or some evidence that it had been assigned, other than the declaration of the assignee, which latter was the referee's opinion, then the defendant was entitled to recover the excess of the plaintiff, for which he had filed his claim in offset.

And the court being of opinion that the notice given was sufficient to protect the assignee against the effect of subsequent payments to the assignor, accepted that part of the award which was in favor of the plaintiff, and entered judgment accordingly ; to which the defendant excepted.

*Allen,* for the defendant, insisted that the assignee should have furnished the promissor with all the evidence in his power, and that mere notice was not enough, when he might have exhibited the security itself. And he urged, as strong analogy, the principle

3

regulating the liability of trustees in a foreign attachment; where mere notice of an assignment has no operation to discharge the trustee. *Foster v. Sinclair*, 4 *Mass.* 450; *ib.* 509; 3 *Mass.* 558.

*Otis*, for the plaintiff, cited 12 *Johns.* 343; 1 *Johns. Ca.* 51; *Goodwin v. Cunningham*, 12 *Mass.* 193; *Green v. Hatch*, *ib.* 195; 3 *Pick.* 470; *Dunn v. Snell*, 15 *Mass.* 485; *King v. Fowler*, 16 *Mass.* 397.

WESTON J. delivered the opinion of the Court.

The common law did not permit the assignment of a chose in action. The technical reasons upon which this was founded, have so far given way to the necessities and convenience of social life, that such an assignment is now held to pass an equitable interest which a court of law will protect and sustain. Care is taken however that in this transaction, the party indebted shall not be a sufferer. Thus, although upon the assignment, the original creditor ceases to be, for any beneficial purpose, the owner of the demand, and cannot receive it, or any part of it, to his own use; yet if the debtor, ignorant of such assignment, make payments to him, they are to be allowed in his favor. And this qualification of the right of the assignee is for the equitable protection of the debtor. But if the latter has notice of the assignment, what he afterwards pays to the original creditor, he pays in his own wrong. It has been said that such payments ought to be allowed, unless the debtor has been furnished with valid and satisfactory evidence of the assignment. He may require this before payment to the assignee; but the notice he receives is only a measure of precaution, and to put him upon inquiry. If he finds the original creditor still retaining the evidence of the demand, he may be well justified in paying it to him, but if he cannot produce it, he has the best reason to believe the notice has truly stated the fact of the assignment. After notice, the debtor acts at his peril, and the assignee, conducting fairly on his part, is not to be deprived of his equitable interest. In the present case, the defendant was put upon his guard, and before he made further payments to the original creditor, he ought to have required of him the production of the note, and his inability to do this should

have satisfied him that he was no longer entitled to receive payment.

The assignee, before he can claim to have his interest protected, must prove both the fact of the assignment, and notice to the debtor. In this case he has done both. And the trustee in a foreign attachment, will be held liable as the debtor of the original creditor, unless the fact of the assignment appears in his disclosure; for the decision of the question, whether he is trustee or not, will depend upon that fact. In that case, the rights of attaching creditors are not to be affected by mere suggestion; but they are entitled to proof. And the debtor, before payment to the assignee, or before he can be compelled to make payment to him, may require proof of the assignment; but after notice of such assignment, he must take care to pay to the party justly entitled to receive it.

The exceptions are overruled, and the judgment affirmed.