JACOB N. COUNTRYMAN vs. JOSEPH BOYER, JR.

The Plaintiff having recovered a verdict, in assault and battery, against the Defendant, forthwith assigned it, for a valuable consideration, to L.; it was *held,* that the Defendant, by subsequently paying the amount to the sheriff, who had in his hands, in another suit, an execution against the Plaintiff in this suit, and taking his receipt therefor, under § 243 of the code, could not prevent the assignee from collecting the verdict; and the court refused to set aside an execution issued by the assignee in the name of the Plaintiff.

The Defendant was not *indebted* to the Plaintiff, after the assignment, and the code does not require the assignee to give notice of the assignment.

The judgment-creditor of the Plaintiff, whose execution was in the hands of the sheriff, when the Plaintiff recovered the verdict in this suit, acquired no lien upon the verdict by reason of having an execution in the sheriff's hands—and the purchaser of the verdict, without notice, is entitled to be protected. The purchaser of a judgment, or other chose in action, is not bound to search the different sheriff's offices in the state for executions against his assignor.

*January* 10, 1849. Before WILLARD, Justice.—This was an action of trespass, assault and battery, commenced in this court by capias on the 22d April, 1848, and was tried at the Herkimer circuit on the 5th Oct. 1848, when the Plaintiff obtained a verdict for sixty dollars. On the 13th October, the Plaintiff's costs were taxed by a justice of this court at $43.67, and the judgment was docketed on the 17th of the same month. On the same day that the verdict was obtained, and immediately thereafter, the Plaintiff assigned the verdict to his attorneys, J. N. & D. Lake, Esqrs., "to secure them for costs and counsel fees due them." The attorneys swore that at the time of the assignment, the Plaintiff was indebted to them in the sum of $66.75 for costs and counsel fees, a specification of which was given in the affidavit. They swore that at the time of the assignment, they were not aware of the existence of any execution in the hands of the sheriff of Herkimer county against the Plaintiff, nor of any attempt by any person to prevent the Plaintiff from receiving the avails of the verdict. On the 17th November last, the Plaintiff's attorneys issued to the sheriff of Herkimer county, a *fieri facias* upon the said judgment endorsed to collect $103.67, the whole amount thereof.

The Defendant now moves to set aside that execution, or for a perpetual stay thereof, upon the ground, that on the 5th of October, the time when the verdict was obtained, there was an execution in the hands of the sheriff of Herkimer county in favor of Henry C. Adams against the Plaintiff, Countryman, issued upon a judgment recovered in this court on the 29th June last, for $224.83, damages and costs; that on the 7th October last, the Defendant in this cause, Boyer, paid to the sheriff the amount of the verdict ($60) together with $30, the sum estimated as the amount of the costs, and took the sheriff's receipt for the same, to be applied on the execution in his hands in favor of Adams; which payment was made under § 248 of the Code of Procedure. After the taxation of the costs, and before the execution was issued in this cause, he tendered the balance of the judgment to the Plaintiff's attorneys, which they refused to receive as in full of the judgment. It appeared that Adams indemnified Boyer for making this payment, without which indemnity he refused to make it. Both these actions were commenced before the code, but the supplemental act applies (§ 248) to them.

H. ADAMS, *for the motion.*

J. N. LAKE, *contra.*

WILLARD, Justice.—Section 248 of the Code of Procedure, is in these words : " After the issuing of an execution against property, any person indebted to the judgment-debtor, may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge therefor." At the time of this payment by Boyer to the sheriff, the former was not indebted to Countryman, for the latter had previously assigned the verdict to Messrs. Lake for a valuable consideration. This is a sufficient answer to the motion. But the counsel for Adams insists that as Boyer paid to the sheriff, without express notice of the assignment by Countryman to Lakes, he is to be protected; that the sheriff is made by the code the agent for all parties; and that the payment to him by Boyer, without notice of the assignment, is as effectual as if the payment had been made to Countryman himself, the party obtaining the verdict.

If this case is to be decided by the analogy of a payment by the debtor to the creditor, after assignment, but without notice of such assignment, the Defendant, Boyer, has not complied with all the requisites essential to his protection. He has not denied notice of the assignment to the Lakes; nor did he part with his money, confiding solely in the right to apply it on the execution of Adams against Countryman, under § 248 of the code. On the contrary, he exacted from Mr. Adams an indemnity against his being compelled to pay it over again. He knew that the Lakes were the attorneys, and he was apprized by the sheriff that those gentlemen had been the attorneys for Countryman in other litigations, and were probably his creditors to a considerable amount, if not the actual assignees of the judgment. It was this information which led him to exact an indemnity. It is well settled that courts of law will take notice of, and protect the rights of assignees against all persons having either express or implied notice, of the trust or assignment of choses in action, (*Johnson* v. *Bloodgood*,. 1 J. C. 51; *Wardell* v. *Edson*, 2 J. C. 121; 1, 6, 4 J. R. 403; 3 J. R. 425; 12 ib. 343,) a special notice need not be shown; but it is enough if the party has such a knowledge of the facts and circumstances, as is sufficient to put him on inquiry. (*Anderson* v. *Van Alen*, 12 J. R. 343; 1 Atk. 490; 2 Fonb. 156; *Wheeler* v. *Wheeler*, 9 Cowen, 34.) Boyer had sufficient information to put him on inquiry. He is chargeable with actual knowledge, that the Lakes were the Plaintiff's attorneys in the suit. He knew, too, that Countryman was in embarrassed circumstances, and the information communicated by the sheriff, coupled

with the fact that he exacted an indemnity, takes from his payment to the sheriff its character of a *bona fide* payment without notice. He relies rather upon his indemnity than upon the fairness of his conduct. How much is required of a party seeking equity as a *bona fide* purchaser may be seen in some of the cases cited below. He must deny notice, though it be not charged, and the denial must be full, positive and precise. (1 J. C. R., 302; id., 575; 1 Hopk. 56; Fonb. 414, note and cases.)

From the foregoing remarks it follows, that had Boyer paid the judgment to Countryman himself, instead of the sheriff, he would have been required to pay it over again to the assignees. The payment to the sheriff as Countryman's agent can avail him no more than a payment to Countryman.

But it is said that the execution in the sheriff's hands in favor of Adams against Countryman, was notice to the Messrs. Lake, and that they took the assignment subject to Adam's equity. It has been held that an assignee of a chose in action takes it subject to all equities existing against it, at the time of the assignment, though he have no notice of such equity. (*Chamberlin* v. *Day*, 3 Cow., 353; *Wood* v. *Perry*, 1 Barb., S. C. R., 114.) And it is insisted that this principle can be invoked in favor of Adams, and that his equity is prior in point of time to that of the Messrs. Lake, and equal in other respects, and must, therefore, prevail.

There are several answers to this position. 1st. The code does not make the execution in the hands of the sheriff like a creditor's bill, an equitable lien on the choses in action of the execution debtor. A law that should have that effect, would interrupt the circulation of all choses in action, and thus greatly diminish their value. No man would be safe in purchasing a judgment, or bond and mortgage, or other security for a debt. If he must first search the sheriff's office in every county in the state for executions against his assignor, at the time of the assignment; the delay, vexation, expense and hazard, would deter every prudent man from making the purchase. If any purchaser could be found bold enough to make advances on such securities, he would indemnify himself for the risk, by exacting ruinous discounts from the debtor. It is enough that the code has not yet made the execution a lien upon the choses in action of the judgment debtor.

2d. The execution creditor has no equity, within the sense of the rule. His execution is against the goods and chattels, land, tenements and real estate of the judgment debtor, and not against choses in action. At common law, a *fi. fa.* bound the goods and chattels of the debtor from its teste, but never bound his choses in action.

Before the code the Plaintiff could not reach the choses in action of the debtor until his execution was returned unsatisfied; but under the code it would seem by § 249, &c., that the judge, upon a proper affidavit, may order any property of the judgment debtor, not exempt from execution, in the hands either of such debtor, or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment. The judge may also, by order, forbid a transfer of the property of the judgment debtor, and any interference therewith. (§§ 249, 253.)    These provisions are intended as a substitute for a creditor's bill.    It is not believed that the presenting an affidavit to a judge, for the purpose of obtaining an order, is such a *lis pendens* as would affect the transfer of the property by the judgment debtor.  Parties are chargeable with notice of deeds recorded in a public office, and of suits prosecuted in the higher courts of record.    (1 Story's Eq., 393.)    But it has never yet been held that they are chargeable without actual notice in point of fact, with a knowledge of the transaction of every judge in the state at chambers.    The judgment creditor of Countryman, must not only carry the doctrine of notice to that extent, but he must go further in this case, by charging the assignee of Countryman with notice of Boyer's intention.    Boyer in making the payment under § 248, was a mere volunteer.    He was under no compulsion to pay Adams at that time.    Had he refused, Mr. Adams might have obtained an order from a judge requiring it to be done; no provision, it is true, is contained in the code for making the judgment creditor, whose debt is thus to be transferred to another, a party to the proceedings.    The whole proceeding is lamentably defective in its details, and flagrantly unjust in numerous instances, if carried out according to the letter.

As between assignor and assignee, the contract is complete without notice to the debtor.    (3 Hill, 228.)    The judgment creditor having an execution in the sheriff's hands can in no sense be treated as an assignee of a chose in action, owned by his judgment debtor.    In those states where choses in action are attached by the process of foreign attachment, the attaching creditor, without notice of the assignment, acquires a lien upon the debt as valid as the title acquired by a purchaser.  (4 Met., 594; 14 Con., 141.)    The assignment of a chose in action in Connecticut, takes effect as to the process of foreign attachment, from the time of notice given to the debtor that an assignment has been made, and not from the time of the assignment.  If, therefore, a debtor is summoned as a *garnisher* of the creditor, after an assignment but before he has notice of it, he will be charged.  (4 Met., 594.)    By the law of Scotland, the assignment is not complete until notice thereof is given to the debtor.    The law of Ver-

mont, under their trustee process, protects the debtor of the principal Defendant from any liability as trustee, if he pays or delivers the property to the principal Defendant, or any other person entitled thereto, in good faith, and without knowledge of any suit brought to compel a different appropriation. (See Vt. Rev. Stat. of 1839, p. 190, § 5.)

The assignees of Countryman were right in disregarding the payment by Boyer to the sheriff of Herkimer, and consequently the motion to set aside the execution must be denied.