SEGER v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department.  June 6, 1902.)

TRUSTEES—ASSIGNMENT BY BENEFICIARY—NOTICE TO TRUSTEE—SETTLEMENT—
PAYMENT TO ASSIGNOR.
> Where a trustee received a letter stating that one of the beneficiaries in the fund had assigned her interest to a certain person, the letter not being from the beneficiary or the assignee, and the trustee responded, asking for the assignment, but no answer was received and nothing further done in such regard, and the trustee procured a judicial settlement of its accounts, and distributed the fund to the beneficiaries, no notice of the settlement having been given the assignee, the trustee was liable to the assignee, the notice having been sufficient to put the trustee on inquiry.

> Ingraham and Laughlin, JJ., dissenting.

Appeal from special term, New York county.

Action by George N. Seger, as administrator of the estate of Louisa Schaeffler, deceased, against the Farmers' Loan & Trust Company and another.  From an interlocutory judgment requiring defendants to account for certain trust funds, the defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James F. Horan, for appellant Farmers' Loan & Trust Co.
John C. Gulick, for respondent.

HATCH, J.  By the will of Caroline Wildberger, admitted to probate by the surrogate of the city and county of New York on November 13, 1890, a trust was imposed upon a portion of her estate for the benefit of the children of her deceased son, which was to be terminated upon the youngest of such children attaining majority. The executors' accounts were judicially settled in July, 1892, and the defendant herein, the Farmers' Loan & Trust Company, was appointed substitute trustee in May, 1893.  Among the children benefited by the said trust was Louisa Barry, who in October, 1892, for valuable consideration, transferred, assigned, and set over to Louisa Schaeffler, by written instrument, all her right, title, and interest in the said estate.  In May, 1893, after the defendant had been made trustee, notice that Louisa Barry had assigned her interest in the estate of Caroline Wildberger to Louisa Schaeffler was given to the trust company by one F. Schaeffler.  This notice was acknowledged by the defendant company, with a request that the assignment in question be forwarded to it, in order that the sufficiency of the same to cover any fund in its possession might be passed upon by its counsel.  No attention was paid to this request, and no further inquiry was made concerning the fund until 1899, when plaintiff discovered that the fund had already been distributed.  It appears that in March, 1898, the trust under the will had terminated, and upon a judicial settlement of the trust company's accounts the several beneficiaries received their respective shares, including Louisa Barry, the assignor of the said Louis Schaeffler.  Louisa Schaeffler

died in 1894, intestate, and the plaintiff was duly appointed her administrator. No notice was ever given the plaintiff, as assignee or otherwise, of the settlement of the trust company's accounts, and he knew nothing about the same until 1899.

The point presented in this case is as to whether the notice which was given of the assignment to the trust company was sufficient to require it, before the settlement of its accounts and the distribution of the fund, to cause notice of such proceeding to be given to the assignee of the Barry interest. It is a well-settled rule of law that whatever is sufficient to impose a duty upon a person to inquire concerning the rights of others is regarded as legal notice of such rights, and, if it be sufficient to put the person upon inquiry as to such rights, he is chargeable with whatever facts diligent inquiry would have disclosed. Ellis v. Horrman, 90 N. Y. 466. In a sense, the question becomes one of good faith of the party receiving the notice, and he may repel the presumption which arises therefrom by showing that he diligently prosecuted the inquiry, and was unable to ascertain the existence of any right or title in the party making the claim. Button Co. v. Sylvester, 72 Hun, 498, 25 N. Y. Supp. 237. In the present case there is no question but that actual notice was given to the trust company of the existence of the assignment of this interest. The only steps which it took to inform itself concerning whether a valid legal assignment was in existence was to request that the claimant exhibit the same for the purpose of determining its validity. It took no further step to inquire into the legality of the claim. It was not a prerequisite to the validity of the notice that the claimant should have exhibited the assignment at the time when he notified the trust company. Davenport v. Woodbridge, 8 Greenl. 17; Bean v. Simpson, 16 Me. 49. Under these circumstances, we do not think that the trust company was justified in ignoring the notice, and procuring a settlement of its accounts and distribution of the trust fund without making the claimant a party thereto. A diligent observance of its duty as trustee required that it preserve the notice which was served upon it, and it could protect itself at all times by causing a citation to issue to bring in the claimant upon the settlement of the accounts. Undoubtedly, a duty would then devolve upon the assignee to show a valid assignment of the interest, but up to that time there is no such settled rule as requires a party to establish by proof the validity of his claim, nor did the trustee need for its protection to have it established prior to the time when it asked for a settlement of its accounts and a distribution of the fund. The law furnishes an ample remedy for the trust company, and it could relieve itself from responsibility by submitting or causing to be submitted before the court the instrument under which the claim was asserted, and it would be protected by the determination of the court thereon. It was its bounden duty to see that the fund was distributed to those entitled thereto, and, having notice of the assignment, it could not disregard it, and procure a settlement of its accounts, without notice to the assignee. If the trustee were called by some process into court, where the subject-matter of the investigation involved the validity of the assignment, the assignee would

then be bound to furnish the trustee with the full particulars of his claim. Such was the case of Wood v. Partridge, 11 Mass. 488. But where no such condition arose, and the trustee assumed no burden or risk, and could in no wise be prejudiced by the omission to produce the assignment, having notice thereof, it procured a settlement of its accounts and distribution of the fund at its peril, and may not complain if by such act it is required to make good the loss occasioned by its disregard of the actual notice which it received.

It follows that the interlocutory judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

INGRAHAM, J. (dissenting). I do not agree to the affirmance of this judgment, as I do not think that the letter upon which the plaintiff's claim is founded was sufficient to charge the defendant with notice of the assignment by Louisa Barry of her share in the trust property. It appeared that on May 15, 1893, the Farmers' Loan & Trust Company had been appointed trustee under the will of Caroline Wildberger to hold a certain trust fund until two of the testatrix's grandchildren should attain the age of 21 years, when, upon the termination of the trust, the trust fund was given "to the children of my deceased son, Frederick Schaeffler." One of the children of Frederick Schaeffler who would be entitled to a portion of this trust fund was Louisa Barry. On May 29, 1893, 14 days after the Farmers' Loan & Trust Company had been appointed trustee, a letter was received by the secretary of the trust company notifying him that Louisa Barry had by assignment dated October 13, 1892, assigned all her right, title, and interest as legatee and devisee under this will in question to Louisa Schaeffler. This notice did not by its face purport to come from Louisa Barry or from Louisa Schaeffler, nor did it purport to have been sent by their direction. So far as appeared from the letter itself, it was a gratuitous piece of information, given by a stranger who had no interest in the estate. It was to the secretary of the trustee, who had just been appointed, and who, so far as appears, had received no notice of the fact that Louisa Barry was a beneficiary or had any interest in the fund. Thus, on the record, a stranger to the transaction informed the trustee of the assignment of a person's right, title, and interest in the trust fund, with no statement of what that right, title, and interest was, or whether by the assignment any right, title, or interest in the fund had in fact been assigned. In answer to that the trustee requested the person giving the notice to send to the trustee a copy of the assignment, so that it could be submitted to its counsel, "to have them determine whether it is sufficient to cover any fund which may be in our possession." No notice was taken of this communication; no copy of any assignment was submitted; no further notice of the right of the person to whom this stranger to the proceeding had notified the trust company that a transfer of some person's right, title, and interest in the fund had been made, was given. Five years after, the trust terminated, and the trustee proceeded to distribute the fund among those entitled to it. I do not think this

notice was sufficient to impose upon the trustee a duty of inquiring as to who this unknown Louisa Schaeffler was. The trust company had the right to assume that the claim had been abandoned, no notice having been taken of its most reasonable request that the person to whom some sort of a transfer was said to have been made should indicate to the trustee just what right had been transferred. There is certainly no principle that charges a trustee with notice of a transfer of the remainder of the trust estate in its hands because some entire stranger to the proceeding has informed the trustee that a transfer of some indefinite interest in the trust fund had been made. The assignee of this interest served no notice upon the trustee that she was entitled to any portion of the fund. The trustee had no notice that the person who was alleged to have made the transfer had any interest in the estate. Such an indefinite notice seems to me entirely insufficient to charge the trustee.

I think the judgment should be reversed.

LAUGHLIN, J. I also dissent, and, while concurring fully in Justice INGRAHAM'S opinion, I wish to add some further observations. The defendant was not a debtor, but a trustee, of the beneficiaries referred to, but not named in the will, and there was and could be no assignment of a debt due from it. Parks v. Innes, 33 Barb. 44, 45. Its obligation was to the cestuis que trustent created by the will. It could not become a trustee for another without its knowledge. It does not appear that it knew, or had means of knowing, that the alleged assignee was one of such beneficiaries, or, if so, but that she was an "unmarried minor," for whose education and support the defendant was required by the will to apply the income of the fund, in which case the assignment would be void as to the income at least. In re Hoyt, 5 Dem. Sur. 442–446. The letter from Schaeffler asserts that the fund assigned was a portion of that held in trust. The defendant promptly replied, asking for further information that would enable it to act intelligently. Schaeffler was either the agent of the plaintiff to give the notice or he was not; but, in any event, she can take no advantage of the notice he gave without also the responsibility for his omission to give further information when called upon. It may be conceded that any notice to the defendant which would be sufficient to put it upon inquiry would suffice; but the difficulty with the plaintiff's case is that it appears that the defendant did inquire of the party from whom it received the notice and who was the only person whose address was given. Its reasonable inquiry was never answered. In these circumstances, if the defendant, awaiting a reply, failed to make a record of the letter, who should suffer? Manifestly the plaintiff, on account of her omission to make a personal claim or furnish the particulars of her right. In view of the fact that no answer to its letter was received, and of the great lapse of time without further notice or claim, had not the defendant the right to assume that the communication was unauthorized, or the assignment had not been consummated, or had been rescinded or annulled, or that the assignee elected to rely upon the integrity of the assignor? If the defendant

were an ordinary debtor, no evidence was furnished the defendant by which it could resist payment to the assignor, or even obtain an order of interpleader if sued. Stevenson v. Insurance Co., 10 App. Div. 233, 41 N. Y. Supp. 964; Steiner v. Savings Institution, 60 App. Div. 232, 70 N. Y. Supp. 223. If the defendant had asked that the plaintiff be cited to appear on the accounting, she might have disclaimed any interest, and have demanded and obtained costs against it personally. The alleged notice, in view of the failure of Schaeffler or the plaintiff to respond to defendant's reply and the length of time that elapsed, was utterly insufficient to constitute the defendant a trustee for the plaintiff. In my opinion, the defendant was perfectly justified in distributing the fund without taking further action to discover whether plaintiff had a valid assignment. This is a suit in equity. The plaintiff has slept upon her rights, and negligently allowed the defendant to act upon the belief that she made no claim against it. Clearly, it has been misled because of her failure to do what she should have done to perfect her equitable title. The defendant has in good faith distributed the fund, and the plaintiff should be left to her remedy against her assignor, who has, owing to her own negligence, received it. I therefore vote for reversal.

