SEGER v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. March 10, 1905.)

TRUSTEES—ASSIGNMENT OF LEGACY—NOTICE—NEGLIGENCE—LIABILITY.

Where executors and trustees charged with the payment of legacies had written notice of the assignment of a legacy, but, instead of turning it over to their successor in the trust at the time of the substitution, one of them a very short time thereafter formally notified the successor of the assignment, the notice inured to the benefit of the assignee, and imposed on the successor the duty of ascertaining the facts by reasonable inquiry, and making the alleged assignee a party to the accounting in its settlement of the trust.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 1261.]

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by George N. Seger, as administrator of the estate of Louisa Schaeffler, deceased, against the Farmers' Loan & Trust Company and another. From a judgment for defendant Farmers' Loan & Trust Company, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

John C. Gulick, for appellant.

James F. Horan, for respondent Farmers' Loan & Trust Co., as substituted trustee.

LAUGHLIN, J. I am of the opinion that the facts now appearing are materially different from those presented by the record on the former appeal, and that the dissenting opinions of Mr. Justice INGRAHAM and myself (73 App. Div. 293, 76 N. Y. Supp. 721), upon which the judgment was reversed by the Court of Appeals (176 N. Y. 589, 68 N. E. 1124), are not controlling. The action is brought upon an assigned claim to compel the payment of a legacy; it being alleged that the trust company, as trustee, wrongfully paid the legacy to the original legatee, with notice of the assignment. Upon the former appeal it neither appeared that the trust company knew that the alleged assignor, Louisa Barry, was a legatee, nor that the notice of the assignment was given either by the assignor, assignee, or any person authorized by either of them, or having any interest in the premises. It merely appeared that after the defendant became trustee, and on the 29th day of May, 1893, it received a letter by mail, purporting to be written by one F. Schaeffler, stating that Louisa Barry had, by an in-

strument dated October 13, 1892, assigned her interest as legatee under the fourth paragraph of the will under which the defendant, by virtue of a decree of the Surrogate's Court dated May 15, 1893, was acting as trustee to one Louisa Schaeffler. It did not then appear who Louisa Barry was, or who the writer of the letter was. The trust company on the day it received the letter acknowledged the same to the writer, and requested that the assignment be forwarded to it for submission to counsel, with a view to determining the sufficiency thereof "to cover any fund which may be in our possession." The defendant received no reply to this request. The assignment was neither forwarded nor delivered to it, and no further information was given concerning the same. Some five years later the accounts of the defendant as trustee were judicially settled, no account being taken of this notice of the assignment of legacy. So far as the record then disclosed, the notice came from a stranger to the parties and to the transaction, acting without authority. The dissenting Justices, whose views were approved by the Court of Appeals, were of opinion, in these circumstances—its request in reply to the notice of the alleged assignment remaining unanswered—that the trust company was not bound to give the notice further attention. It now appears, however, that by the decree of the Surrogate's Court appointing the defendant as substituted trustee, made two weeks before the notice of the alleged assignment was received by it, a copy of which was in its possession, it had notice that Louisa Barry was one of the parties interested in the trust fund, and was a party to the proceeding for the substitution of the trustee, having been duly cited and served, and that F. Schaeffler, who wrote the letter notifying it of the assignment, was one of the executors and trustees of the will, in place and stead of whom the defendant had been substituted only two weeks prior to the receipt of the notice. It further appears, although the facts were not brought to the knowledge of the defendant, that said Louisa Barry was one of the children of Frederick Schaeffler, a deceased son of the testatrix; that her interest was assignable; that it was duly assigned to Louisa Schaeffler, as stated in the notice to the defendant, by an instrument in writing, on the 13th day of October, 1902, executed under her hand and seal; that the assignment was drawn by the executor, Frank Schaeffler, and after its execution it remained in his possession, and was in his possession at the time of the substitution of the trustees, and at the time he gave notice to the defendant. It thus now appears that the notice of the assignment of the legacy was not given by a stranger, but by the executor and trustee, who was the defendant's predecessor in the trust, and with whom the assignment had been filed, and in whose custody it had been left. It is manifest that, if at any time prior to the substitution of trustees the former executors and trustees had paid this legacy to the original legatee, they would have been liable to the assignee. Everything had been done by the assignee to protect her rights. The former executors and trustees not merely had notice of the assignment, but it was delivered to and left with one of them. In these circumstances, it was the duty of the former executors and trustees to notify their successor of the existence of this assignment, and to deliver it over, as one of the papers relating to the trust. In-

stead of turning it over, one of the executors and trustees, a very short time after the substitution, quite formally and fully notified his successor in the trust of the existence of this assignment.  If this notice had not been given, doubtless the defendant could not be compelled to respond to the assignee, although the latter had apparently done everything in her power to protect her interest, as it does not appear that she had notice of the substitution of trustees, so that she was called upon to notify the defendant of her rights.  But whether this notice was given by her direction, or by the executor and trustee, in the performance of a duty which he had neglected, it inured to her benefit, and was sufficient to impose upon the defendant the duty either of ascertaining the facts by reasonable inquiry of the assignor, assignee, or its predecessors in the trust, or of noting upon its records the information communicated, and making the alleged assignee a party to the accounting.

I am therefore of opinion that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN and HATCH, JJ., concur.

INGRAHAM, J.  I dissent.  The judgment should be affirmed on opinion on former appeal (73 App. Div. 293, 76 N. Y. Supp. 721).