GEORGE N. SEGER, as Administrator, etc., of LOUISA SCHAEFFLER, Deceased, Appellant, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of CAROLINE WILDBERGER, Deceased, Respondent, Impleaded with LOUISA BLANK, Formerly LOUISA BARRY, Defendant.

*Notice of the assignment of a legacy — what is sufficient to bind a substituted trustee under the will.*

The decree appointing a trust company substituted trustee under a will gave notice to the trust company that one Louisa Barry was one of the parties interested in the trust fund, and that one F. Schaeffler was one of the executors and trustees of the will, in place of whom the trust company had been substituted. Two weeks after the trust company's appointment it received a letter by mail purporting to be written by one F. Schaeffler stating that Louisa Barry had, by an instrument bearing a specified date, assigned her interest as legatee under the will to one Louisa Schaeffler. The trust company, upon receiving the letter, acknowledged the same to the writer and requested that the assignment be forwarded to it for submission to counsel with a view to determining the sufficiency thereof. It received no reply to this request and the assignment was not forwarded or delivered to it, and no further information was given to it concerning the same. Five years later the accounts of the trust company were judicially settled and payment of the legacy was made to the original legatee.

It appeared, although the facts were not brought to the knowledge of the trust company, that Louisa Barry, the original legatee, was one of the children of a deceased son of the testatrix; that her legacy was assignable; that it was duly assigned to Louisa Schaeffler as stated in the notice sent to the trust company by an instrument under seal; that such assignment was drawn by one of the executors in whose place the defendant had been substituted, and that after its execution the assignment remained in his possession, and was in his possession, at the time he gave notice thereof to the defendant.

*Held*, that the notice given to the trust company was sufficient, in view of the information possessed by it, to impose upon the trust company the duty of ascertaining the facts in relation to the assignment of the legacy by reasonable inquiry of the assignee or its predecessors in the trust or of noting upon its records the information communicated to it and of making the alleged assignee a party to the accounting.

INGRAHAM, J., dissented.

APPEAL by the plaintiff, George N. Seger, as administrator, etc., of Louisa Schaeffler, deceased, from a judgment of the Supreme Court in favor of the defendant, The Farmers' Loan and Trust

Company, as substituted trustee, etc., entered in the office of the clerk of the county of New York on the 25th day of March, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiff's complaint upon the merits.

*John C. Gulick,* for the appellant.

*James F. Horan,* for the respondent.

LAUGHLIN, J.:

I am of opinion that the facts now appearing are materially different from those presented by the record on the former appeal and that the dissenting opinions of Mr. Justice INGRAHAM and myself (73 App. Div. 293), upon which the judgment was reversed by the Court of Appeals (176 N. Y. 589), are not controlling. The action is brought upon an assigned claim to compel the payment of a legacy, it being alleged that the trust company as trustee wrongfully paid the legacy to the original legatee with notice of the assignment. Upon the former appeal it neither appeared that the trust company knew that the alleged assignor, Louisa Barry, was a legatee nor that the notice of the assignment was given either by the assignor, assignee or any person authorized by either of them or having any interest in the premises. It merely appeared that after the defendant became trustee and on the 29th day of May, 1893, it received a letter by mail purporting to be written by one F. Schaeffler stating that Louisa Barry had by an instrument dated October 13, 1892, assigned her interest as legatee under the 4th paragraph of the will under which the defendant, by virtue of a decree of the Surrogate's Court dated May 15, 1893, was acting as trustee to one Louisa Schaeffler. It did not then appear who Louisa Barry was or who the writer of the letter was. The trust company on the day it received the letter acknowledged the same to the writer and requested that the assignment be forwarded to it for submission to counsel with a view to determining the sufficiency thereof "to cover any fund which may be in our possession." The defendant received no reply to this request. The assignment was neither forwarded nor delivered to it and no further information was given concerning the same. Some five years later the accounts of the defendant as trus-

tee were judicially settled, no account being taken of this notice of the assignment of legacy. So far as the record then disclosed the notice came from a stranger to the parties and to the transaction acting without authority. The dissenting justices, whose views were approved by the Court of Appeals, were of opinion in these circumstances, its request in reply to the notice of the alleged assignment remaining unanswered, that the trust company was not bound to give the notice further attention. It now appears, however, that by the decree of the Surrogate's Court, appointing the defendant as substituted trustee made two weeks before the notice of the alleged assignment was received by it, a copy of which was in its possession, it had notice that Louisa Barry was one of the parties interested in the trust fund and was a party to the proceeding for the substitution of the trustee, having been duly cited and served ; and that F. Schaeffler, who wrote the letter notifying it of the assignment, was one of the executors and trustees of the will in place and stead of whom the defendant had been substituted only two weeks prior to the receipt of the notice. It further appears, although the facts were not brought to the knowledge of the defendant, that said Louisa Barry was one of the children of Frederick Schaeffler, a deceased son of the testatrix ; that her interest was assignable ; that it was duly assigned to Louisa Schaeffler, as stated in the notice to the defendant, by an instrument in writing on the 13th day of October, 1902, executed under her hand and seal; that the assignment was drawn by the executor Frank Schaeffler, and after its execution it remained in his possession and was in his possession at the time of the substitution of the trustees and at the time he gave notice to the defendant. It thus now appears that the notice of the assignment of the legacy was not given by a stranger but by the executor and trustee who was the defendant's predecessor in the trust and with whom the assignment had been filed and in whose custody it had been left. It is manifest that if at any time prior to the substitution of trustees the former executors and trustees had paid this legacy to the original legatee they would have been liable to the assignee. Everything had been done by the assignee to protect her rights. The former executors and trustees not merely had notice of the assignment but it was delivered to and left with one of them. In these circumstances it was the duty of the former

executors and trustees to notify their successor of the existence of this assignment and to deliver it over as one of the papers relating to the trust. Instead of turning it over, one of the executors and trustees, a very short time after the substitution, quite formally and fully notified his successor in the trust of the existence of this assignment. If this notice had not been given doubtless, the defendant could not be compelled to respond to the assignee, although the latter had apparently done everything in her power to protect her interest, as it does not appear that she had notice of the substitution of trustees so that she was called upon to notify the defendant of her rights. But whether this notice was given by her direction or by the executor and trustee in the performance of a duty which he had neglected, it inured to her benefit and was sufficient to impose upon the defendant the duty either of ascertaining the facts by reasonable inquiry of the assignor, assignee or its predecessors in the trust or of noting upon its records the information communicated and making the alleged assignee a party to the accounting.

I am, therefore, of opinion that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., McLAUGHLIN and HATCH, JJ., concurred.

INGRAHAM, J. (dissenting):

I dissent. The judgment should be affirmed for reasons stated in my opinion on former appeal (73 App. Div. 293).

Judgment reversed, new trial ordered, costs to appellant to abide event.