GEORGE N. SEGER, as Administrator of the Estate of LOUISA SCHAEFFLER, Deceased, Respondent, *v.* THE FARMERS' LOAN AND TRUST COMPANY, as Substituted Trustee under the Will of CAROLINE WILDBERGER, Deceased, Appellant, Impleaded with Another.

ASSIGNMENT OF INTEREST IN TRUST ESTATE — WHEN NOTICE THEREOF IS SUFFICIENT TO CHARGE TRUSTEE WITH KNOWLEDGE OF THE FACTS AND RENDER IT LIABLE FOR PAYMENT TO BENEFICIARY. Upon the trial of an action against a trust company to recover a legacy assigned to plaintiff's intestate, it appeared that the defendant had been appointed as a substituted trustee under a will creating a trust fund of which the assignor was one of the beneficiaries and had received notice of the assignment; that it requested its submission to its counsel in order that it might be determined whether it covered any fund in its possession; that no attention was paid

to such request; that at the time it received the notice the defendant had in its possession a decree disclosing that the assignor was one of the beneficiaries of the trust fund, and the assignee was one of the executors and trustees of the will, who had renounced; that the assignor was one of the children of a deceased son of the testatrix; that her interest was assignable; that it was duly assigned as stated in the notice; that the assignment was drawn by such executor; that after its execution it remained in his possession when the defendant was appointed trustee and received notice thereof; that notwithstanding these facts, upon the termination of the trust, it procured a judicial settlement of its accounts without notice to plaintiff, and thereupon paid the several beneficiaries their respective legacies, including the assignor's. *Held*, that although some of the facts were not known to the defendant at the time of the judicial settlement, enough were known to put it on inquiry which, if prosecuted diligently, would have disclosed all the facts, and that in making the payment to the assignor it acted at its peril and plaintiff was entitled to recover.

*Seger* v. *Schaeffler*, 112 App. Div. 911, affirmed.

(Argued January 18, 1907; decided February 1, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 9, 1906, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James F. Horan* for appellant. The facts found by the court below do not make the " F. Schaeffler " letter sufficient to charge the trust company with notice of the assignment. They do not sustain the conclusions of law of the court below, and do not take the case out of the scope of this court's former decision. (*Heerman* v. *Ellsworth*, 64 N. Y. 159; *Stoddard* v. *Gailor*, 90 N. Y. 575; *Foster* v. *Cockerell*, 3 Cl. & F. 476; *Dearle* v. *Hall*, 3 Russ. 1; *Matter of Barr's Trust*, 4 K. & J. 219; *Wood* v. *Partridge*, 11 Mass. 488; *Foster* v. *Sinkler*, 4 Mass. 450; *Mars* v. *Bank*, 64 Hun, 424; *Schell* v. *Lowe*, 26 N. Y. Supp. 991; *Lloyd* v. *Banks*, L. R. [4 Eq. Cas.] 222; L. R. [3 Ch. App.] 488; *Dale* v. *Kimpton*, 46 Vroom, 76; *Barrow* v. *Porter*, 44 Vroom, 587; *Peck* v. *Walton*, 25 Vroom, 33.) The failure to respond to the trust company's

letter of May 29, 1893, and to its reasonable request for further information, deprives plaintiff of all right to recover. The plaintiff has been guilty of laches. (*Savings Bank* v. *Creswell*, 100 U. S. 630; *People's Bank* v. *National Bank*, 101 U. S. 181.)

' *John C. Gulick* for respondent. The letter received by the trust company was sufficient notice of the assignment of the Barry interest. (*McAllister* v. *N. F. Ins. Co.*, 156 N. Y. 80.) The exhibition to the trust company of the assignment was not a prerequisite to the validity of the notice. (*Davenport* v. *Woodbridge*, 8 Greenl. 17; *Ellis* v. *Horrman*, 90 N. Y. 466; *Phillips* v. *Bank of Lewiston*, 18 Penn. St. 394.)

Werner, J. This action was brought to recover a legacy in favor of one Louisa Barry, under the will of Caroline Wildberger, deceased, which was assigned by the legatee to the plaintiff's intestate. The defendant is the substituted trustee under said will. The action has been tried three times. At the first trial there was judgment for the plaintiff, which was affirmed in the Appellate Division with two dissenting opinions. (73 App. Div. 293.) On appeal to this court the judgments below were reversed and a new trial ordered on the dissenting opinions referred to. (176 N. Y. 589.) At the second trial judgment was given for the defendant, which was reversed at the Appellate Division and a new trial ordered. (103 App. Div. 39.) A third trial was then had, which resulted in a judgment for the plaintiff, from which there was an appeal to the Appellate Division, where it was unanimously affirmed without opinion (112 App. Div. 911), and the defendant now appeals to this court.

As the affirmance of the judgment now appealed from was unanimous, this court is bound by the conclusive presumption that every fact found by the trial court is supported by evidence, and the only question raised by the appellant that we have any right to consider is whether the conclusions of law

are justified by the findings of fact. An examination of the decision framed at Special Term discloses that the conclusions of law under which the defendant has been held liable are amply sustained by the findings of fact. This is really all that it is necessary to say in the disposition of the present appeal, but since there have been several trials and appeals, with conflicting results, we will briefly refer to the changes which differentiate the appeal at bar from the one that was before us in 176 N. Y. 589, and this will necessitate a reference to some of the facts which make up the history of the case.

Caroline Wildberger died leaving a last will and testament, which was admitted to probate by the surrogate of the city and county of New York on November 13th, 1890. By the terms of this will a trust was created as to a portion of her estate for the benefit of the children of her deceased son, which was to continue during the minority of the youngest of such children. The instrument nominated Henry Bauer and Frank Schaeffler as executors and trustees, who qualified and performed their duties until July 30th, 1892, at which time their executors' accounts were judicially settled, and they renounced as trustees. On the 15th of May, 1893, the defendant was appointed substitute trustee to execute the trust above referred to. One of the children of the deceased son of the testatrix, who was benefited by this trust, was Louisa Barry. In October, 1892, she made a written assignment to the plaintiff's intestate of all her right, title and interest in and to the trust estate. In May, 1893, after the defendant had been made trustee, it received a notice signed by F. Schaeffler setting forth the above-mentioned assignment. This notice was acknowledged by the defendant company with the request that the assignment be sent for submission to its counsel, in order that it might be determined whether the instrument covered any fund in the trustee's possession. The sender of the notice made no reply to this request. Thereafter, and on May 15th, 1894, the assignee of the legacy referred to died intestate, and letters of administration upon her estate were issued to

the plaintiff on June 23rd, 1894. Thus matters stood until March, 1898, when the trust in question had terminated and the defendant, without notice to the plaintiff, procured a judicial settlement of its accounts as trustee, and paid over to the several beneficiaries their respective shares, including Louisa Barry, the assignor of the plaintiff's intestate. The facts respecting the judicial settlement and the payment to Louisa Barry did not come to the knowledge of the plaintiff until 1899.

Upon the facts thus outlined, the court at Special Term decided that the notice given by F. Schaeffler to the trustee in 1893 was sufficient to impose upon the latter the duty of further inquiry, and that its failure in this regard rendered it liable to the plaintiff, notwithstanding its payment of the legacy in good faith to Louisa Barry. When the case reached the Appellate Division it was affirmed as stated, but the dissenting judges thought that as the notice to the trustee of the assignment from Louisa Barry to the plaintiff's intestate came from a person who appeared to be an utter stranger to the record, it was not sufficient to charge the defendant with making any further inquiry, and that the failure of the sender of the notice to submit the assignment for inspection might well have been regarded as an abandonment of all claims under the assignment. These were the conclusions, fortified by the condition of the record, which influenced this court upon the former appeal to reverse the judgments of the courts below and to direct a new trial.

Upon the second and third trials the plaintiff presented an entirely different record. It now appears that when the notice of May 22nd, 1893, signed by F. Schaeffler, was received by the defendant, the latter had in its possession a certified copy of the decree referred to in the notice, which decree disclosed that Louisa Barry was one of the beneficiaries of the trust fund in the hands of the defendant, and that Frank Schaeffler was one of the executors and trustees of the will of Caroline Wildberger, deceased. It further appears that Louisa Barry was one of the children of Frederick Schlaefer,

a deceased son of the testatrix ; that her interest was assignable ; that it was duly assigned to the plaintiff's intestate, as stated in the notice to the defendant; that the assignment was drawn by the executor Frank Schaeffler ; and that after its execution it remained and was in his possession when the defendant was appointed substituted trustee and received notice of the assignment. It is true that some of these latter facts were not known to the defendant when its accounts were judicially settled, but it had knowledge enough to place it upon inquiry, and this, if diligently prosecuted, would have disclosed all that has been stated. The information suggested by what the defendant actually knew was easily obtainable from sources not difficult to reach, and must be deemed to have been in the possession of the defendant, upon the principle that he who is bound to inquire before the performance of an act by which he has reason to believe that the rights of others may be affected, is chargeable with a knowledge of all the facts that an inquiry properly made would have disclosed to him.

The judgment should be affirmed, with costs.

EDWARD T. BARTLETT, VANN and CHASE, JJ., concur; CULLEN, Ch. J., GRAY and HISCOCK, JJ., dissent.

Judgment affirmed.