Frank Messina, Respondent, *v.* Continental Purchasing Co., Inc., Appellant.

(Argued September 28, 1936; decided November 24, 1936.)

*Adolph M. Newman* for appellant.

*Gaylord Riggs* for respondent. 

*Per Curiam.* The plaintiff, an employee of a railroad company, prior to July 1, 1934, entered into a written agreement with the defendant whereby a judgment against him owned by the defendant was compromised for one hundred dollars upon his promise to pay thereon a small weekly sum. As security for performance, the plaintiff assigned to the defendant all wages earned or to be earned with authority to collect by any legal means. Following a default by the plaintiff, the defendant lodged the assignment with plaintiff's employer which thereupon promptly dismissed the plaintiff. A subsequent request by the plaintiff to withdraw the assignment so that he might be re-employed was refused by the defendant. Thereupon this action was brought to recover damages as for a tortious interference with plaintiff's employment. The complaint, attacked for insufficiency, has been sustained below. The question has been certified to this court.

We think the order should be reversed and the question certified answered in the negative. The assignment, when made, fell within none of the exceptions to section 41, subdivision 1, of the Personal Property Law (Cons. Laws, ch. 41). The plaintiff was then employed; there was no statute so far as we can ascertain forbidding or regulating such assignment; and we cannot see that it contravened any public policy. There is no charge of fraud or over-reaching in the procurement of the assignment, or of

malice in lodging it with the employer, even if the existence of malice would be of avail. An assignment would be of little value without notice to the employer. Section 46 of the Personal Property Law, in effect since July 1, 1934, regulating wage assignments, requires a filing with the employer as a condition precedent. In short, we perceive no tort.

The orders should be reversed and the motion granted, with costs in all courts. The question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.