CONTINENTAL PURCHASING Co., INC., Appellant, *v.* VAN RAALTE Co., INC., Respondent.

Fourth Department, May 19, 1937.

*Leonard J. Brizdle,* for the appellant.

*Albert J. Foley,* for the respondent.

EDGCOMB, J. This action is brought by the plaintiff, as assignee of Ethel L. Potter, to recover from the Van Raalte Co., Inc., the

employer of Mrs. Potter, the sum of nineteen dollars and twenty cents, wages earned by her while employed by the company. The defendant claims exoneration from liability by reason of having paid the amount involved direct to the assignor.

It is conceded that on April 21, 1934, Mrs. Potter assigned to the plaintiff all wages, or claims for wages, salary or commission earned, or to be earned, and all claims or demands due her from any person, firm or corporation by whom she was employed, or who might owe her money, as security for the payment of an account which the Steckler Sporting Goods Store had against her, and which account had been purchased by and assigned to the plaintiff.

This assignment, having been made prior to July 1, 1934, when section 46 was added to the Personal Property Law by chapter 738 of the laws of that year, is not void by reason of any statutory prohibition relating to wage assignments. Neither is such transfer contrary to public policy. (*Messina* v. *Continental Purchasing Co.,* 272 N. Y. 125, 126.)

While the assignee of a chose in action succeeds to all the rights of the assignor, a debtor is not affected by the assignment until he has notice thereof. If he pays his indebtedness to the assignor in ignorance of the assignment, he is relieved from all liability to the assignee. He may set up against the claim of the assignee any defense acquired prior to notice which would have been available against the assignor had there been no assignment. (*Callanan* v. *Edwards*, 32 N. Y. 483, 486; *Smith* v. *Kissel*, 92 App. Div. 235, 241; affd., 181 N. Y. 536.)

After notice of the transfer, however, the debtor is put on his guard, and if he pays the assignor any money which, under the assignment, belongs to the assignee, or if he does anything prejudicial to the rights of the latter, he is liable for the resulting damage. (*Lauer* v. *Dunn*, 115 N. Y. 405, 409; *Brill* v. *Tuttle*, 81 id. 454, 460; *Weniger* v. *Fourteenth Street Store*, 191 id. 423, 427; *Heermans* v. *Ellsworth*, 64 id. 159, 161; *Wheeler* v. *Wheeler*, 9 Cow. 34; *Wilkins* v. *Batterman*, 4 Barb. 47; *Briggs* v. *Dorr*, 19 Johns. 95; *Anderson* v. *Van Alen*, 12 id. 343.)

No set form of notice is required. It is sufficient if such information is given the debtor as will fully inform him that the alleged assignee is the owner of the chose in action, or as will serve to put him on inquiry. (*Countryman* v. *Boyer*, 3 How. Pr. 386, 388; *Johnson* v. *Bloodgood*, 1 Johns. Cas. 51, 52; *Anderson* v. *Van Alen*, 12 Johns. 343, 345; *Dale* v. *Kimpton*, 46 Vt. 76, 78.)

Here the plaintiff protected itself against any *bona fide* payments made by the debtor to its employee by giving the defendant a written notice of this assignment on September 12, 1934. Seven

days later defendant acknowledged receipt of the notice, and suggested that, inasmuch as Mrs. Potter had no other income except her weekly earnings, it would be a great accommodation if a deduction of two dollars per week could be made until the total amount of plaintiff's claim was paid. Plaintiff consented to this adjustment, and withdrew its formal notice. But defendant still knew of the assignment, and on six occasions during the following two months deducted one dollar and fifty cents from Mrs. Potter's wages, and forwarded the same to the plaintiff. This arrangement was discontinued after November twentieth. Plaintiff then gave defendant another formal notice of the assignment, and demanded payment direct to it of the wages due Mrs. Potter, and called attention to the fact that any sums paid to the employee would not relieve the defendant from its obligation to the plaintiff. With full knowledge that the plaintiff was entitled to receive Mrs. Potter's wages, defendant has chosen to pay them to Mrs. Potter. In so doing defendant acted at its peril.

Defendant claims immunity from liability in this action because of the fact that neither the original assignment, nor a copy thereof, was ever filed with or exhibited to it. This defense has found favor in the courts below. Such a requirement is not necessary to render a debtor liable to the assignee of a chose in action for the failure to pay him a debt owed to the assignor. Especially is that so where, as here, no such demand or request has ever been made. (*Davenport* v. *Woodbridge*, 8 Me. 17; *Bean* v. *Simpson*, 16 id. 49; *North Penn Iron Co.* v. *International Lithoid Co.*, 217 Penn. St. 538; 66 A. 860.) The cases relied upon by the respondent do not lay down any different rule.

Here a full and complete notice of the assignment was given to the defendant, and a demand was made that the assignor's wages be paid to the plaintiff. Defendant never questioned the existence or validity of the transfer, nor asked for any additional proof thereof. On the contrary, it acknowledged its validity, and made six separate payments to the assignee, totaling nine dollars, in reliance thereon. Later it utterly ignored plaintiff's rights in the premises, and paid the assignor her wages as they became due, notwithstanding the fact that it knew this money belonged to the plaintiff. Its only excuse for so doing was the fact that Mrs. Potter was receiving aid from a local charitable organization, and that the matter had been referred to that organization for a decision. Under these circumstances defendant cannot escape its liability to the plaintiff because it paid Mrs. Potter's wages to her.

For the reasons stated, we think that the judgments of the City Court of Dunkirk, and of the County Court of Chautauqua

county, should be reversed, with costs, and that judgment should be ordered in favor of the plaintiff for the sum of nineteen dollars and twenty cents, with interest thereon from the 21st day of November, 1934.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and TAYLOR, JJ.

Judgments reversed on the law, with costs in all courts, and judgment directed in favor of the plaintiff in the sum of nineteen dollars and twenty cents, with interest thereon from the 21st day of November, 1934, with costs.