Owen McGivern, J.
Plaintiff sues as partial assignee of royalties payable under an agreement between Barco Industries, Inc., hereinafter referred to as “Barco”, and the defendant, Mars Metal Corporation. Plaintiff’s rights arise under an instrument addressed to and approved by Barco stating that such instrument ‘ ‘ will serve as an" irrevocable instruction by you to [defendant] to pay to [plaintiff] * * * 20% of the minimum royalties and all other royalties payable to Barco.” Concededly, the defendant received notice of this assignment, accepted it and made payments thereunder to plaintiff.
However, the defendant contends that its obligation to the plaintiff is limited to a percentage of what it actually paid Barco, rather than what was legally owing under the royalty agreement. But, the use of the word ‘ ‘ payable ’ ’ in the instrument of assignment quoted above does not sustain this contention. Although the defendant points to the fact that a prior agreement between plaintiff’s immediate assignors and Barco spoke of the latter paying them a percentage “ of whatever this Corporation [Barco] will receive * * * ”, the prior agreement cannot prevail over the plain terms of the later instrument which operates as a direct assignment to the plaintiff herein. Accordingly, it is held that the plaintiff’s rights are unaffected by the defendant’s failure to pay to Barco all sums owing by the defendant to it under the royalty agreement. This, of course, is in line with the basic principle that although an assignee takes no greater right than that of his assignor, once having obtained a valid assignment, on notice to the debtor, the assignor cannot without consent, impair that right (Continental Purch. Co. v. Van Raalte Co., 251 App. Div. 151).
While the instant action was in the pleading stage, the defendant pleaded four defenses and a counterclaim herein; by order of Mr. Justice Epstein, dated June 3, 1959, the counterclaim and all the defenses, save one, were stricken. There was no appeal from this order and it constitutes the law of the case, binding on this court. (Steinberg v. Altschuler, 9 A D 2d 211, 213 [1st Dept., 1959]; Mt. Sinai Hospital v. Davis, 8 A D 2d 361 [1st Dept., 1959].)
*1017 Accordingly, only the surviving defense need be considered. This defense pleads that the royalty agreement provided for termination after March 15, 1957 and that notice of termination was given by defendant to Barco October 15, 1957, effective January 15, 1958. In this connection, the urging of defendant that the royalty agreement was terminated by reason of the defendant’s insolvency must he overruled. • In the first place, a defense based on this contention was stricken, and in any event any provision in the contract to this effect was not for the benefit of the defendant; that this is so is borne out by the fact that the parties continued to deal with each other as if no such provision existed.
Concerning the final question as to whether the letter of October 15, 1957 accomplished a termination of the agreement as of a date three months subsequent thereto, it would he hypertechnical in the extreme to hold otherwise. Where actual notice of termination has in fact been given, the form is of little import, and the fact that notice was sent to counsel instead of directly to Barco would not invalidate its effect. Particularly, under the circumstances of the instant litigation, where the plaintiff, a stockholder in Mars, admits knowledge of the letter. And in the California litigation between Barco and the defendant, the former conceded that the agreement in question terminated as of January 15, 1958.
Therefore, judgment is granted to the plaintiff for the amount of royalties requested in his complaint up to January 15, 1958, with appropriate interest.
(Amended.)
Decision herein, dated December 28, 1959, is amended on the court’s own motion by adding thereto the following: “The total therefore is in the sum of $6886.15.” The Clerk is hereby directed to amend his minutes accordingly.