■ GOLDSTEIN AFFILIATES, INC., et al., Respondents, v AFFILI-
ATED FM INSURANCE COMPANY, Appellant, et al., Defendants.
—Order, Appellate Term, First Department (Stanley Ostrau,
J. P.; Stanley Parness, William McCooe, JJ.), entered March
14, 1991, which modified a judgment of the Civil Court, New
York County (Ira Harkavy, J.), upon a jury verdict, entered
July 7, 1989, to the extent of granting judgment in favor of
plaintiffs against Affiliated FM Insurance ("Affiliated") in the
sum of $157,500 plus interest, unanimously affirmed, with
costs.

Plaintiffs, two public fire adjusters, commenced this action
to recover a portion of the proceeds of two insurance policies
issued by Affiliated to a group of defendants (collectively
referred to as Len Art defendants). Following a 1976 fire
which caused extensive damage to the insured premises, the
Len Art defendants jointly retained plaintiffs to assist in their
insurance claim in return for a lien and assignment of "12.5%
of the amount of the loss including salvage when adjusted or
otherwise recovered from the companies". Although plaintiffs
withdrew as adjusters for a period of sixty days, they properly
exercised their option, pursuant to the agreement, to resume
their position as adjusters following the expiration of a sixty
day period without a settlement or an advance of $250,000
from Affiliated. When the Len Art defendants sued Affiliated
to recover under the policy, the matter was settled for $1.5
million without any payment to plaintiffs.

The jury found *inter alia* that plaintiffs had given notice to
Affiliated of their claim to a portion of the insurance proceeds
but erroneously found that Affiliated was not obligated to
include plaintiffs as a loss payee in the settlement checks.
(*See, Continental Purch. Co. v Van Raalte Co.,* 251 App Div
151.) While the trial court initially granted plaintiffs' motion
to set aside this portion of the verdict, the court later reversed
itself and reinstated the jury's verdict. The Appellate Term
modified to the extent of reversing the dismissal of the com-
plaint against Affiliated and granting judgment in favor of
plaintiffs against Affiliated in the sum of $157,500, a sum
constituting 12.5% of the recovered proceeds less $30,000
which had earlier been paid to plaintiffs. The evidence ad-
duced at trial supports the conclusion that defendant Affili-
ated had notice of plaintiffs' retainer agreement, of plaintiffs'
resumption of their capacity as public fire adjusters for Len

Art defendants, and as such could not escape its obligation to pay any monies due under the assignment.

Contrary to Affiliated's contentions, the trial court's instructions and interrogatories to the jury adequately conveyed to the jury the appropriate principles of law and burden of proof in a clear and unambiguous manner. Nor is Affiliated entitled to a set off or deduction against a portion of insurance proceeds paid out to the mortgagee of the premises.

We have considered the remaining claims of Affiliated and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.