■ Public Adjustment Bureau, Inc., Appellant, v Greater New York Mutual Insurance Company, Defendant, and Seward Park Housing Corp., Respondent. [950 NYS2d 705]—

Order, Supreme Court, New York County (Louis B. York, J.), entered August 22, 2011, which granted defendant Seward Park Housing Corp.'s motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment on its breach of contract claim, unanimously modified, on the law, to deny defendant's motion, and otherwise affirmed, without costs.

Defendant Seward Park retained plaintiff, a public adjuster,

to assist and advise it in the preparation, submission and adjustment of a property damage claim against its insurance carrier, defendant Greater New York Mutual Insurance Company. Pursuant to the written retainer agreement, Seward Park agreed to pay plaintiff 7% of the amount of loss "when adjusted or otherwise recovered." The claim was not adjusted; following extensive litigation, Seward Park settled with Greater New York.

We reject Seward Park's argument that plaintiff is not due any fee under the contract because it neither adjusted the claim nor provided "valuable services" that resulted in the adjustment of the claim (*see* 11 NYCRR 25.10 [b]). In light of the "otherwise recovered" language in the retainer agreement, we find that adjustment of the claim is not a condition precedent to plaintiff's recovery of a fee (*see GS Adj. Co., Inc. v Roth & Roth, L.L.P.*, 85 AD3d 467 [1st Dept 2011]; *see also Goldstein Affiliates v Affiliated FM Ins. Co.*, 178 AD2d 301 [1st Dept 1991]). However, the record presents an issue of fact whether plaintiff performed valuable services. Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.